*B. B. Johnson*, for the defendant.

*J. L. Eldridge*, for the plaintiff.

---

JOHN MOYNIHAN, administrator, *vs.* RENTON WHIDDEN & another.

Suffolk. Nov. 16, 1886. — Jan. 7, 1887. HOLMES & GARDNER, JJ., absent.

At the trial of an action for personal injuries sustained by a boy eight years of age, there was evidence that the defendant was erecting a building in a city under a permit of the inspector of buildings, which permitted the defendant to occupy the whole of the sidewalk, under an ordinance of the city which authorized the inspector to grant such a permit, and which provided that the space allotted should be enclosed by a sufficient fence, and that the person holding the permit should provide a safe and convenient passage around or over the space allotted for public travel, and should be responsible for any injury sustained in consequence of any neglect so to do; that the defendant did not enclose the sidewalk, or provide a way around or over it; that the defendant had in the building, in close proximity to the sidewalk, a wheel and rope used for hoisting purposes; that, on the day of the accident, the boy, who had been warned from the premises a short time before the accident, while passing along the sidewalk stopped to speak to another boy who was wrongfully in the cellar of the building; and

that, while so stopping, he took hold of the rope for about two minutes, and, the rope being started, his hand was drawn into the wheel and injured. *Held,* that it could not be ruled, as matter of law, that the action could not be maintained.

TORT, by the administrator of John Moynihan, Jr. The declaration alleged that the defendants were contractors and builders, and as such were erecting a building on the corner of Pearl Street and Atlantic Avenue, in Boston; that among the contrivances, appliances, and machinery used in the erection of said building were a rope and gin, which were carelessly and negligently left unguarded by the defendants, whereby the plaintiff's intestate, travelling along the highway called Pearl Street, using due care, was hurt; and that the defendants did not use due care in reference to said rope and gin, but the plaintiff's intestate did use due care. Answer, a general denial.

Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

It appeared at the trial that the defendants were erecting a large building at the corner of Pearl Street and Atlantic Avenue, in Boston, said building being on the line of the street; that the defendants had permits from the inspector of buildings of the city of Boston to occupy for building purposes the sidewalks adjacent to said building, and a space outside said sidewalks ten feet wide on Pearl Street, and twelve feet wide on Atlantic Avenue, under the provisions of an ordinance of the city of Boston, passed on October 2, 1877, the material parts of which are printed in the margin.*

---

* " Section 1. Every person wishing to occupy or use any portion of any of the streets for the erection or repair of any building upon land abutting thereon, shall make application therefor to the inspector of buildings, who, subject to the direction of the board of aldermen, shall have power and authority to grant permits for the occupation or use, for building purposes, of such part of any street, and for such length of time, and under such limitations and restrictions, as may be required by any ordinance, or by the public convenience; and all such permits may be revoked by the inspector of buildings at any time when the holders of them fail to comply with any rule or regulation under which they are granted, or when, in the opinion of the inspector of buildings, the public good requires such revocation. . . . . .

" Section 2. In all cases the space so allotted shall be enclosed with a sufficient fence, which shall be continued during the whole time such occupation exists. . . . .

The policemen whose beat covered the building at the time of the accident testified that they saw the building several times a day before the accident, and that the space allotted to the defendants under the permits was so fenced and encumbered with lumber that a person could not get upon the Pearl Street sidewalk in front of the building without passing over or around the fences and piles of lumber. This was directly contradicted by witnesses for the plaintiff.

It appeared that the defendants had placed and maintained on said premises on Pearl Street the following described structure and appliance, used in the erection of said building. Against the front face of two of the pillars of said building were placed upright beams or timbers, resting in the ground, and about ten feet apart; across and on the outside of said beams was another beam, to which, at about the centre and on the middle of the upper side thereof, was attached the hook of a wheel or gin extending toward the inside of the building, upon which wheel a rope ran above and below the floor of the building. The rope and gin were used in connection with an elevator, and were run by horse-power. It appeared that, at certain times, part of the rope was slack; but on the questions whether at the time it was slack, or whether at any other time the rope hung into the street, the evidence was contradictory, some of the witnesses for the plaintiff testifying that it did, and some of the witnesses for the defendants testifying that it did not and could not. The wheel was three or four feet from the ground.

The evidence as to whether the wheel or gin was inside or outside the line of the building was contradictory, the plaintiff's witnesses testifying that it was in part outside, and the defendants' witnesses testifying that it was inside; but it appeared that in any view, even upon the testimony for the plaintiff, the centre of the gin or wheel was inside the building; and the uncontradicted testimony showed that, when the gin was in operation, the rope passing around it was attached to other

---

" Section 3. Any person licensed or permitted as aforesaid to occupy any part of any street, while erecting or repairing any building, shall provide a safe and convenient passage around or over the same for public travel, and shall be responsible for any injury sustained in consequence of any neglect so to do."

wheels and pulleys, some eighty feet distant, in the interior of the building.

It appeared that, while children were in the habit of going upon the premises and into the cellar of said building, it was not by the consent of the defendants; and one of the defendants' witnesses testified that he had ordered the plaintiff's intestate away from the premises, at times prior to the day when the child was injured, and also about ten minutes before the accident, and that he had on one of these occasions learned the name of the child. This testimony was not contradicted, except that one of the plaintiff's witnesses testified that she was in the habit at times of playing about the premises, and she had never seen the plaintiff's intestate about these premises before the day when he was injured. It appeared by evidence on both sides that the building was evidently one in process of erection, that scaffolding was erected both on the Pearl Street face and on the Atlantic Avenue face of the building, and that some lumber was lying in the street in front on the Pearl Street side.

The evidence as to whether the premises were fenced or guarded was contradictory. Two of the plaintiff's witnesses testified that there were no fences on the line of Pearl Street, and that the sidewalk was free for travel at the time the child was injured. The plaintiff and one other witness testified that before the accident, for many days, there were no fences on the line of Pearl Street, and that the sidewalk was free for travel. One of the plaintiff's witnesses testified that there was a pile of bricks at the upper end of the building on the sidewalk, some distance from the place where the wheel was, and also testified that opposite the gin on the street there were several pieces of lumber lying in the street on the ground. Some of the defendants' witnesses testified that there were fences across the sidewalk up to the building and out into the street; others, that there were fences in the street, and lumber, a platform, a pile of bricks, and other obstructions, upon the sidewalk and in the street.

There was no fence around the wheel, and one witness for the defence testified, without contradiction, that it was not customary to fence such wheels. Witnesses for the defendants testified, and this was not contradicted by the plaintiff, that there was a guard around the wheel or pulley.

The plaintiff testified that he saw and spoke to one of the defendants the day after the child was injured, and that the defendant was then erecting a fence at the corner of Pearl Street and Atlantic Avenue. This defendant was upon the witness stand, and he did not deny this.

The plaintiff's witnesses testified that the plaintiff's intestate, a boy eight years of age, came up Atlantic Avenue to the corner of Pearl Street, and was passing upon Pearl Street, when he was called by a boy who was in the cellar of the building erecting by the defendants, but who was not in any way connected with the defendants, and had no business or connection with the erection of the building; that he stopped to speak to the boy, and took hold of the rope, remaining in that position and holding on the rope for about two minutes, and that the rope, being started, ran over the said wheel or gin, and the boy's hand was drawn into the wheel and injured.

There was no evidence that the defendants or any of their servants knew, until after he was caught in the wheel, that the plaintiff's intestate was holding on to the rope, or that the boy mentioned above was in the cellar.

The judge ruled that, on the evidence, the plaintiff could not recover, and directed a verdict for the defendants. The plaintiff alleged exceptions.

*S. B. Allen,* for the plaintiff.

*W. Gaston & C. L. B. Whitney,* for the defendants.

W. ALLEN, J. The declaration alleges that the rope and gin were carelessly and negligently left unguarded by the defendants, "whereby the plaintiff's intestate, travelling along the highway called Pearl Street, using due care, was hurt."

The defendants had a right, under their building permit, to erect barriers and exclude the public travel from that part of the street where the plaintiff's intestate was when injured. If they did not do this, but left the street open to public use, the plaintiff's intestate in passing upon it was "travelling," within the meaning of that word in the declaration.

If the defendants, as is contended, had a right to maintain their rope and wheel over or in close proximity to the sidewalk without excluding the public from it, they had no right to do it in such a manner as to endanger travellers upon the sidewalk.

If they did not exclude the public, and the wheel in the position and manner in which it was left by them was dangerous to persons lawfully using the sidewalk, it was their duty to guard it; and, if they negligently left it unguarded, they would be responsible for the consequences of such negligence. The evidence was conflicting in regard to the existence of barriers, and to the position and condition of the wheel and rope; and the question of the defendants' negligence was for the jury.

The only other question is, whether there was evidence for the jury that the plaintiff's intestate was in the exercise of due care. If his conduct was such as would be reasonably expected in a boy of his age, the jury might have found that he exercised due care. *Plumley* v. *Birge*, 124 Mass. 57. The facts that he knew that the building was being erected, that he had been ordered from the place a short time before he was injured by a person employed upon the building, and that, while passing along the sidewalk, he stopped for two minutes, at the call of his companion, with his hand upon the rope, which hung loosely within his reach as he stood upon the sidewalk, would not take from the jury the question whether he was in the exercise of due care.

*Exceptions sustained.*