REBECCA RYDER & another *vs.* JOHN W. ROBINSON.

Middlesex.  May 5, 1952. — September 11, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Dangerous article, Contractor, Contributory, Trespasser. *Trespass.*

Evidence of the circumstances in which a section of an iron fence along a passageway, after being removed by a contractor, was left by him in the passageway leaning against the next section and fell upon a girl about seven years of age rightfully using the passageway warranted a finding of negligence on the part of the contractor toward the girl, and did not require a ruling that she was guilty of contributory negligence even if she kicked or threw a stone against the fence.

If a girl about seven years of age, while rightfully using a passageway, threw a stone that hit a section of iron fence which had been removed and left in the passageway leaning against the next section and which fell on her without her touching it, a finding could be made that the stone's hitting the section of fence was unintentional and not a trespass.

TORT.  Writ in the Superior Court dated June 28, 1949. The action was tried before *Morton,* J.

*Arthur L. Eno, Jr.,* (*George F. Hannigan* with him,) for the plaintiffs.

*Walter I. Badger, Jr.,* (*John J. Sullivan* with him,) for the defendant.

QUA, C.J.  The principal plaintiff, hereinafter called the plaintiff, a child almost seven years of age, was seriously

---

injured on October 13, 1948, when a section of iron fence fell upon her in a passageway leading to the rear door of her home in Lowell. There is also a count by her father for consequential damages. After verdicts for the plaintiffs under leave reserved, the judge entered verdicts for the defendant. The plaintiffs except.

The plaintiff's father was a tenant of the Lowell Housing Authority. The passageway, fifteen feet in width, ran between the house occupied by him and a church lot and was bounded on the side of the church by the fence. The housing authority and its tenants and the church had rights to use the passageway for passing and repassing to the street. The defendant was doing some work for the church in the course of which his men removed a section of the fence approximately six feet in length and five feet in height, weighing about 258 pounds, and placed it in the passageway against the next section of fence which was still standing. Later they went away to lunch, leaving the removed section of fence in the position above described. About that time the plaintiff came home from school and met one or more other children in or near the passageway. She testified that one of the children, five years of age, started throwing pennies in the air and picking them up again when they fell, and that, as she and this other child were going down the passageway, they "would kick some rocks which were lying in the passageway, and one of the rocks hit the detached section of fence and it fell." It did not appear which child kicked that "rock." On cross-examination the plaintiff testified that she "threw a rock which hit the fence and the fence fell over." There was also evidence that the plaintiff had stated out of court that a few pennies dropped beside the fence, and when they went to get the pennies the fence fell down.

There was evidence for the jury that the defendant was negligent. There was evidence that the defendant knew or should have known that many children lived in the vicinity. It appeared that the bottom of the removed section of fence as it stood in the passageway was only about six inches from

the base of the remaining portion of fence against which it was leaning. There was no barrier or warning about this section of fence. Whether the section of fence fell when struck by such a "rock" as a seven year old child could kick or throw against it, or by reason of such contact with it as might occur in recovering pennies that fell near it, the jury could find that it had been left in a state of precarious balance, and that it was negligent to leave such an object in the passageway so placed that it could fall, or that the acts of children would cause it to fall. See *Lane* v. *Atlantic Works*, 111 Mass. 136, 141; *Navien* v. *Cohen*, 268 Mass. 427; *Conley* v. *Morash*, 307 Mass. 430, 432–433; *Sample* v. *Melrose*, 312 Mass. 170; *Bannon* v. *Peerless Weighing & Vending Machine Corp.* 318 Mass. 607; *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78. This case is distinguishable from *Carter* v. *Boston & Albany Railroad*, 177 Mass. 228, *Cavanaugh* v. *Smith*, 226 Mass. 179, and *Mahoney* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 459. In those cases it was not shown that the article that fell had originally been placed by the defendant in an unsafe position. It was not necessary that the exact manner in which the accident occurred should be foreseeable. *Marshall* v. *Carter*, 301 Mass. 372, 377–378. *Deerfoot Farms, Inc.* v. *New York, New Haven & Hartford Railroad*, 327 Mass. 51, 55.

The question of the plaintiff's care was also for the jury. On this issue the burden of proof was upon the defendant. G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1. Not much can be required of a child of seven. It could not properly be ruled as matter of law to be negligence on her part to kick or throw a stone so that it hit the fence. She testified that she did not touch the fence and did not notice it before it fell. She could not be expected to know that the fence would fall. See *Gulline* v. *Lowell*, 144 Mass. 491, 495; *Moynihan* v. *Whidden*, 143 Mass. 287, 292; *Patrick* v. *Deziel*, 223 Mass. 505; *Barber* v. *C. W. H. Moulton Ladder Co.* 231 Mass. 507; *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78, 81–82, and cases cited.

The defendant argues that the plaintiff was a trespasser

by reason of hitting or coming in contact with the section of fence. Passing the question whether the defendant was not the trespasser in leaving the section of fence in the passageway, the jury could have believed the plaintiff's testimony that she was not on the section of fence and did not touch it and did not even notice it before it fell. They could believe that any stone that hit the fence was kicked rather than thrown, and there was no evidence that the plaintiff rather than another child kicked it. If they believed that the plaintiff threw a stone that hit the fence, they could find that hitting the fence was inadvertent and not intentional and so was not a trespass. *Marengo* v. *Roy*, 318 Mass. 719, 721. *Edgarton* v. *H. P. Welch Co.* 321 Mass. 603, 611–613.

The exceptions of both plaintiffs are sustained. The verdicts entered by order of the judge are set aside. The verdicts rendered by the jury are to stand, and judgments are to be entered for the plaintiffs on those verdicts.

*So ordered.*