SARAH HENNIGAN *vs.* NANTASKET BOAT LINE, INC.

Middlesex. January 6, 1953. — January 28, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Steamship. *Proximate Cause.*

Evidence of the circumstances in which hot water came from above upon a woman passenger and other passengers seated on the "top" deck of a steamship near a funnel and the other passengers knocked the woman down, fell on her and injured her in attempting to avoid the water warranted findings that the water was discharged from the funnel through negligent operation of the steamship and that the woman's injury was a proximate result of such negligence.

TORT. Writ in the Superior Court dated December 13, 1948.

The action was tried before *Brogna,* J.

In this court the case was submitted on briefs.

*Gerald E. Bruen,* for the defendant.

*Russell J. Coffin & Thomas C. Dolan,* for the plaintiff.

LUMMUS, J. The evidence for the plaintiff in this action of tort for negligence was in substance as follows. Late in the afternoon of August 20, 1948, the plaintiff with other members of her family became a passenger on the defendant's steamboat to go from Nantasket to Boston. It is unquestioned that the defendant was a common carrier of passengers. The plaintiff and her companions found seats on benches fastened to the boat on the upper deck, near a funnel. Many other passengers sat around them on movable seats. Shortly after the boat left Nantasket hot water came down and struck the plaintiff and other passengers, who dashed to get out of the way of the water, knocked the plaintiff down, and fell on her, hurting her knee. The defendant offered no evidence.

The judge denied the defendant's motion for a directed verdict in its favor, and the defendant excepted. There was

a verdict for the plaintiff. The only question before us is whether the case was rightly submitted to the jury.

The defendant as a common carrier of passengers owed to the plaintiff the duty of exercising the highest degree of care for her safety consistent with the requirements of the public for speedy and inexpensive as well as safe transportation and with the practical operation of the business. *Carson* v. *Boston Elevated Railway,* 309 Mass. 32, 35, and cases cited. *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 411.

The defendant suggests that the hot water may have been spilled by another passenger or have come from another vessel. But there was no evidence that any other passenger was above the plaintiff, who was seated on the "top deck." It is unlikely that any passenger would have a quantity of hot water with him. There was no evidence that any other vessel was near. The plaintiff was not required to show that by no possibility could the hot water have come from a source for which the defendant would not be responsible. It was sufficient if the preponderance of the evidence pointed to the defendant as the source. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 450. *Navien* v. *Cohen,* 268 Mass. 427, 431. The jury could find that the hot water came from the funnel in the course of the operation of the steamboat by the defendant, and that without negligence on the part of the defendant it would not have been discharged upon the plaintiff who was seated on a bench provided by the defendant for passengers.

The fact that the substantial injury to the plaintiff resulted, not from the hot water, but from the movement of other passengers in trying to avoid the hot water, does not absolve the defendant from liability. Such movement could be found a natural and probable consequence of the defendant's negligence, whether the other passengers were themselves negligent or not. *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, 362. *Morrison* v. *Medaglia,* 287 Mass. 46. *Rich* v. *Finley,* 325 Mass. 99, 102.

*Exceptions overruled.*