SARAH MARTIN vs. JOAQUIM REIS.

Bristol.    February 6, 1962. — March 30, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Landlord and Tenant,* Common area, Landlord's liability to tenant or one
having his rights. *Proximate Cause. Practice, Civil,* Auditor: find-
ings. *Negligence,* Contributory.

In an action to recover for personal injuries sustained when the plaintiff
tripped and fell, there was no error in a refusal of the trial judge to
strike from the report of an auditor whose findings were not to be final
the words "area," "areaway," and "the area itself" as ambiguous since
they were understandable in context.    [34]

Evidence that the defendant in an action, owner of a parcel of land con-
taining a passageway between two buildings and a rear yard used in
common by his tenants, placed debris, including a large board, removed
during a renovation of the buildings in the yard or against the buildings
without taking any precautions to prevent the debris being strewn about,
although he knew that children played there, and that the wife of a
tenant, while walking from the yard into the passageway in the evening,
tripped and fell over the board, which was then at a spot different from
that where it had been placed by the defendant, warranted findings that
the removal of the board to the spot where the fall occurred was fore-
seeable by the defendant and that his original placing of the board was
a negligent act which was the proximate cause of its removal and of the
woman's fall, even though there was no direct evidence of the precise
manner of its removal [36–37]; and it could not properly have been
ruled as matter of law that the woman was guilty of contributory negli-
gence although she had used the passageway and seen the board earlier
the same evening.    [34, 37]

TORT.    Writ in the Superior Court dated August 17, 1959.
The action was heard by *Taveira, J.*

*Thomas F. McGuire,* for the defendant.

*David Entin,* (*Michael S. Sahady* with him,) for the plain-
tiff.

KIRK, J.    In this action of tort for negligence, the judge,
sitting without jury, awarded damages to the plaintiff for
injuries sustained by her when she tripped and fell over a
board in an alley which was allegedly a common passage-

way for the tenants of the defendant. The plaintiff is the wife of one of the defendant's tenants.

The case comes to us on exceptions of the defendant to the refusal of the judge to strike out certain portions of a report by an auditor whose findings of fact were not final, and to his denial of requested rulings of law. At the trial there was oral testimony in addition to the auditor's report.

The bill of exceptions shows that the defendant owned a rectangular parcel of land located at the northeast corner of the intersection of Tremont and Bedford streets (which run north-south and east-west respectively) in Fall River. There were three buildings on the land. One of these was a cottage occupied by the plaintiff and her family and located at the northwest corner of the parcel. The other two buildings were located on the south side of the parcel facing Bedford Street. Of these two buildings, the one at the southwest corner was a three story building consisting of a store operated by the defendant and his family on the first floor, and apartments above. The other, which was separated from the last mentioned building by a four-foot passageway or alley, consisted of two stores on the first floor and apartments above. A gate was at the Bedford Street end of the passageway between the two buildings. Along the westerly or Tremont Street side of the defendant's land was a fence, in which there were three gates, all of which gave access to the open area or yard upon which the three buildings abutted. The only means of access to or egress from the cottage was by a door or entry on the south side of the cottage facing the yard. One of the three gates in the fence was near the cottage; the second was wide enough for vehicles to pass; the third was near the rear entrance of the corner building.

The tenancy of the plaintiff's family began in November, 1957. Shortly thereafter all of the land including the passageway, not covered by the buildings, was blacktopped by the defendant. The auditor's report also stated: "The premises which were blacktopped by the defendant were for the use and enjoyment of the tenants living above the two

Martin *v.* Reis.

store buildings and the plaintiff and her family living in the cottage house. The tenants collected waste material in barrels which were maintained in the rear of the buildings and periodically carried to the dump by the defendant's employee. Children also played here. The tenants of all three buildings . . . used the alleyway between the two buildings fronting on Bedford Street." The fact that children played in the yard was well known to the defendant.

During the week immediately preceding the plaintiff's injury the defendant was engaged in repairing and renovating the stores in the two buildings facing Bedford Street and had used his own employees to do much of the work. Under the defendant's orders and directions debris was removed from the stores and placed on the blacktopped area or against the buildings. No measures were taken to prevent it from being strewn about. One piece of debris so removed was a rough board three by four feet square, one inch thick, with nails all around it.

After dark, about 8:45 P.M. on January 2, 1959, when approaching the northeast corner of the alley or passageway from the yard with the intention of passing through it to get to Bedford Street the plaintiff tripped and fell over the described board and lacerated her knee. Earlier the same evening when it was "beginning to get dark" the plaintiff had used the passageway and had seen the board on which she fell.

There was no error in the judge's refusal to strike out parts of the auditor's report on the grounds that some of the findings were ambiguous or irrelevant or based upon an erroneous view of the law. Whatever ambiguity there may have been in the auditor's use of the words "area," "areaway," and "the area itself," whether in reference to the place where the plaintiff fell, or to the passageway, or to the place where the debris was piled, did not require the judge to strike out the words or to recommit the report. They were understandable in context. Moreover, the auditor's report was only part of the evidence before the judge. That the factual situation was clear to him upon all the evidence

is manifest by his findings hereinafter referred to. We perceive no merit to the other grounds upon which the motion to strike was based.

In disposing of the defendant's requests for rulings, which apparently were based on the theory that the plaintiff was a mere licensee, the judge expressly found ''that where the plaintiff fell was an area intended as part of the letting to be used in common by the tenants;'' ''that the obstruction over which the plaintiff fell was placed by a servant of the defendant acting under the control of the defendant . . . in a common area, and it was not put in a place of safety in that the defendant ought to have known that it was in a dangerous place or ought to have foreseen that the board might be or become a dangerous obstruction to anyone lawfully using the common area.''

These findings, made in an action at law, are not to be reversed if they can be supported upon any reasonable view of the evidence including all rational inferences of which it is susceptible. *London Clothes, Ltd.* v. *Maryland Cas. Co.* 318 Mass. 692, 697, and cases cited. The auditor's report was clearly susceptible of the inference that the area where the plaintiff fell, although blacktopped after the commencement of her tenancy, was an area intended for the common use of the tenants when the tenancy began, and was actually so used. The blacktopping was but an improvement of the common area or yard intended for the use of tenants. There was, accordingly, no error in denying the defendant's requests based upon the contention that the plaintiff was a licensee. They have become immaterial and we do not consider them. *Levine* v. *Cohen,* 235 Mass. 446, 448. *Mahoney* v. *Norcross,* 284 Mass. 153, 154.

We have often said that, although a landlord has no duty arising from the landlord and tenant relationship to find and remove obstacles or objects placed in common areas by natural causes or by the actions of third persons not subject to his control, he does have a duty not to leave or cause to be left obstacles or obstructions likely to cause harm or injury to persons lawfully using the common premises.

*Watkins* v. *Goodall,* 138 Mass. 533, 536. *Bell* v. *Siegel,* 242
Mass. 380, 382. *Caruso* v. *Lebowich,* 251 Mass. 477. *Pal-
ladino* v. *De Stefano,* 258 Mass. 12. *Hunter* v. *Goldstein,*
267 Mass. 183, 185. *Martin* v. *Rich,* 288 Mass. 437. *Bacon*
v. *Jaques,* 312 Mass. 371, 373–374, and cases cited. Cf.
*Chalfen* v. *Kraft,* 324 Mass. 1, 4–5; *Ross* v. *Broitman,* 338
Mass. 770, 773.

There is no question that the plaintiff's injury was caused
by a dangerous obstruction on the common premises. The
only question, therefore, is whether on the evidence the
defendant could be found legally responsible for the board's
being at the particular spot where the plaintiff was in-
jured. There is no direct evidence of the precise manner
in which the board was removed from the place where it
was caused to be left by the defendant to the particular spot
of the injury. If, however, the removal of the board from
the place where the defendant caused it to be left to the
place of the plaintiff's injury was the result of activity fore-
seeable by the defendant so that it could be said that the
removal was the probable consequence of the defendant's
acts, the responsibility for the board's becoming an obstruc-
tion on the common premises would lie with the defendant
just as though he or his agents actually placed the board at
the spot of the injury. *Lane* v. *Atlantic Works,* 111 Mass.
136, 139–140. *Ryder* v. *Robinson,* 329 Mass. 285, 286–287.
*Smith* v. *Eagle Cornice & Skylight Works,* 341 Mass. 139,
141–142. See *Morrison* v. *Medaglia,* 287 Mass. 46, 49–50.
Compare *Geary* v. *H. P. Hood & Sons, Inc.* 336 Mass. 369,
370–371.

Moreover, it is enough if it appeared that there was a
greater likelihood or probability that the board was moved
from where the defendant's agents placed it to the spot of
the injury because of a foreseeable occurrence, rather than
an unforeseeable occurrence. If such appeared, the plain-
tiff has sustained her burden of showing a greater likeli-
hood that her injury " '. . . came from an act of negligence
for which the defendant is responsible than from a cause
for which . . . [he] is not liable.' *Bigwood* v. *Boston &*

Martin *v.* Reis.

*Northern Street Ry.* 209 Mass. 345, 348.'' *Rocha* v. *Alber,* 302 Mass. 155, 157–158.   See *Koczur* v. *Flanagan,* 306 Mass. 121, 123–124; *Conley* v. *Morash,* 307 Mass. 430, 432–433; *Bennett* v. *Cohen,* 310 Mass. 714, 715.   See also *Ryder* v. *Robinson,* 329 Mass. 285, 287; *West* v. *Molders Foundry Co. Inc.* 342 Mass. 8, 12–13.

The evidence shows that the defendant caused the board to be left in a position where it was readily removable, and likely to be removed, by third parties, including children, who, as the defendant well knew, customarily played near by, and that the defendant took no steps to prevent the board's removal.   On this evidence, although the judge might not be able to infer the precise manner in which the board was removed to the place of injury, we think it could be found that it was more probable than not that the removal was effected by the activity of a third party which the defendant should have foreseen and that such removal was the probable result of the defendant's acts.   Consequently, it could be found that the plaintiff's injury was caused by a negligent act for which the defendant is responsible.

It could not be ruled as a matter of law that the plaintiff was contributorily negligent.   *Winchester* v. *Solomon,* 322 Mass. 7, 11, and cases cited.   *Sullivan* v. *Hamacher,* 339 Mass. 190, 193, and cases cited.   *Scannell* v. *Hill,* 343 Mass. 772.

*Exceptions overruled.*