*Southern District*

## ELEANOR D. HEATH

v.

## QUINCY MUTUAL FIRE INSURANCE COMPANY

Argued: June 19, 1968   Decided: Oct. 4, 1968

*Present:* Nash, C.J., Murphy, J.

Case tried to *Cox, J.,* in the District Court of Northern Norfolk   No. 56596

*Murphy, J.* This is an action of contract to recover under the 'mysterious disappearance clause' of an extended theft rider to a Homeowners Insurance Policy for the loss of an antique circular pin.

The plaintiff's declaration states that:

> "The plaintiff purchased and received from the defendant an insurance policy and under an extended theft coverage rider to said policy, for which she paid an additional premium, the definition of theft was amended to mean "any act of stealing or attempt thereat, or mysterious disappearance (except mysterious disappearance of a precious or semi-precious stone from its setting in any watch or piece of jewelry)."

> While the policy was in force on or about October 19, 1966, a certain piece of jewelry, namely, an antique circular pin with pearls and diamonds set therein, mysteriously disappeared and she suffered a loss thereby.

> She gave notice as required by the terms of the policy and complied with the terms of the policy in all other respects.

She has not been paid by the defendant for the value of said jewelry.

The defendant's answer contains a general denial, and further that the defendant is not

liable under the contract of insurance, and that the plaintiff has failed to comply with the terms and conditions of the contract of insurance; that there is no sworn statement of the particulars of the loss as required by the contract of insurance, and that the action is barred by the statute of limitations.

The pertinent part of Extended Theft Coverage Endorsement to said policy reads as follows:

### EXTENDED THEFT COVERAGE

1. Inclusion of Mysterious Disappearance: As respects only property coverage, so much of the description of the peril of theft under the caption 'Perils Insured Against' in the form attached to this policy as reads:

'Theft, meaning any act of stealing or attempt thereat.'

is amended to read:

'Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance (except mysterious disappearance of a precious or semi-precious stone from its setting in any watch or piece of jewelry.)' "

The decision of the judge follows, together with his specific findings:

"The plaintiff claims she is entitled to recover for the loss of her pin or brooch under her Homeowners Policy. The applicable provision of the policy is the ex-

tended theft coverage provision. Therein theft, so far as applicable, is defined as follows: 'Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance . . . '.

"The evidence most favorable to the plaintiff was that on October 18, 1966 she fastened the pin below the left shoulder of her suit. She left her house in Dover and drove herself by automobile to a friend's house in Wellesley for cocktails and dinner. Four persons, including the plaintiff, comprised the dinner party. During the evening a fifth person living at that place arrived and greeted the members of the dinner party. The new arrival then went to her room where she remained. The plaintiff left the party about midnight and drove herself home by automobile. When hanging up her suit, prior to retiring for the night, she noticed that the pin was missing. The pin has not been found after careful and painstaking searches of the plaintiff's home, her host's home, the plaintiff's automobile and other areas where the plaintiff had been during the evening.

"To recover the plaintiff must show that her loss was a 'mysterious disappearance' under the extended theft coverage.

"On the foregoing evidence I find that the loss of the plaintiff's pin was not a

'mysterious disappearance' and therefore it is not covered by the contract.

"On all the evidence I find for the defendant."

The plaintiff duly made five requests for rulings; and we are concerned only with numbers 4 and 5, which were denied and which read as follows:

"4. Concerning the 'mysterious disappearance' provision of the policy in question, it is not necessary as a prerequisite to recovery that the plaintiff elicit evidence that the disappearance of the covered article of personal property in question occurred under circumstances suggesting the possibility of theft.

"5. The plaintiff is entitled to recover under the homeowners policy in question for the loss of her diamond and pearl pin on October 18, 1966 if she elicits evidence that said covered article of jewelry disappeared under unknown, puzzling and baffling circumstances which are difficult to explain without at the same time being required to show that said loss occurred under circumstances suggesting the possibility of theft."

In denying plaintiff's requests 4 and 5, the judge stated: "I hold that the 'mysterious disappearance addition to the theft policy reduces the quantum of proof necessary to establish a theft by permitting a finding of theft from

proof of a mysterious disappearance under the circumstances which suggest the probability of theft.' See *Brier* v. *Mutual Insurance Co. of Hartford,* 3 Conn. Cir. 326 (213 A 2d 736, 738).''

At the close of the trial and before final arguments the defendant made eleven requests for rulings; numbers 1, 2, 3, 4, 5, 6 and 7 were denied as inconsequential; numbers 8, 8a, 8b, 9, 10 and 11 are as follows:

''8. If the court finds that the plaintiff lost her diamond brooch, then the court must find that the loss was not covered within the terms of the insurance policy.

''8a. If the court finds that the plaintiff lost, misplaced, or mislaid her diamond brooch, the court must then find that there was no theft or mysterious disappearance within the terms of the policy, and must therefore find for the defendant.

*Loop* v. *USFG,* 63 So. 2d 247.

*Brier* v. *Ins.,* 3 Conn. Cir. 326.

''8b. The words 'mysterious disappearance' contained in the policy of the insurance enlarge the coverage of the theft clause contained in said policy, and merely places less burden on the assured to prove all of the elements of the theft.

''9. If the court finds that the plaintiff's diamond brooch did not mysteriously disappear, then the court must find that the loss was not covered within the terms of the insurance policy.

"10. On all of the evidence the plaintiff cannot recover.

"11. On all of the law and evidence the plaintiff is not entitled to recover."

The court allowed defendant's requests 8, 8a, 8b and 9. The court allowed defendant's requests 10 and 11 as follows: "Allowed, as I find against the plaintiff. If on the other hand, the requests mean that a finding for the plaintiff is not warranted, then I deny them."

The report contains all evidence material to every issue in the case.

The plaintiff claims to be aggrieved by the court's denial of plaintiff's requests 4 and 5, by the court's allowance of defendant's requests 8, 8a, 8b and 9, and by the finding that the loss of the plaintiff's pin was not a "mysterious disappearance" and, not covered by the contract and the general finding for the defendant.

Both the plaintiff and the defendant have filed very informative and helpful briefs in this case.

This case is one of first impression in Massachusetts and there is a conflict in other jurisdictions on this point. "The greater weight of authority holds that the addition of the words 'mysterious disappearance' to a theft policy does not transform it to an 'all loss' policy covering lost or mislaid articles, and it remains a theft policy. *Austin* v. *American Casualty Co.*, 193 A.2d 741 (1963) (D.C. App.). Thus recovery is generally allowed where the article dis-

appears from some place where the insured has left it, either intentionally or unintentionally. Disappearance under these circumstances suggests a probability that the article was taken by a thief. On the other hand, recovery is generally disallowed where the owner has no recollection of when he last had possession of the article and cannot say when or from what place the article disappeared. Such circumstances suggest the probability that the article was lost or mislaid rather than stolen." *Brier* v. *Mutual Insurance Company of Hartford,* 213 A.2d 736. To the same effect, see *Davis* v. *St. Paul Mercury & Indemnity Co.,* 227 N.C. 80, and cases cited.

On the facts in the instant case, there is little, if any, evidence from which an inference can be drawn that a theft had occurred, or to put it simply, that the pin had been stolen. On the contrary, it appears that the pin which was attached to her jacket by the plaintiff herself must have fallen or have become detached from her jacket in some manner other than by theft.

As was said in the *Brier* case cited *supra,* "The presence of any suspicious circumstances pointing toward theft is completely lacking, other than the mere disappearance of the pin and the improbability of a theft occurring supports an inference that a theft did not occur." We are inclined to agree with this line of reasoning.

It could be that the clasp was loose, worn or

not fastened securely and fell off. There is no evidence how long the mother had owned it prior to giving it to her daughter; no evidence whether the pin was old or new, and no evidence of how long after its loss a search was made for it.

The plaintiff contends that there is an ambiguity in the term "mysterious disappearance" and that this ambiguity must be resolved in favor of the plaintiff. We do not agree. All of the facts and circumstances surrounding this loss were considered by the judge who heard the case, and in addition, he observed and heard the witness or witnesses testify. All of these facts are essential to a finding as to whether or not there has been a "mysterious disappearance" and each case of this kind must necessarily be decided on the facts in the particular case consistent with the language contained in the policy.

The trial judge found as a fact that this was not a "mysterious disappearance" and we agree. A general finding by a judge imports a finding of all the subsidiary facts necessary to support it and is conclusive if there is any evidence to support it. *Moss* v. *Old Colony Trust Company*, 246 Mass. 139. Such a finding must stand unless plainly wrong. *Berry* v. *Kyes*, 304 Mass. 56; *Emile J. Monast* v. *Edward A. Brodeur*, 329 Mass. 767.

We fail to see anything "mysterious" about the loss of the brooch in this case; on the con-

trary, it would appear that it was simply lost. Furthermore, the record does not disclose any facts actual or by implication that might be sufficient to raise the question of an ambiguity with respect to that phrase "mysterious disappearance" as it applies to the facts in this case.

As was said in *Casey* v. *London and Lancanshire Indemnity Co. of America*, 160 N.Y. Supp. 2d 114, 3 Misc. 2d 918, "The mysterious disappearance clause is an extension of the theft coverage, and it is the obligation of the insured to raise the presumption that the loss was the result of theft and not the result of lost, mislaid or misplaced property."

The judge was right in denying plaintiff's requests numbers 4 and 5, and his action on the defendant's requests was entirely correct and consistent with his findings.

There being no prejudicial error, **an order should be entered dismissing the report.**

JOHN J. THORNTON, JR.
of Boston for the Plaintiff

JOSEPH ALTER
of Boston for the Defendant