*Western District*

### RHONDA L. COMFORTE, p.p.a.
### PETER COMFORTE AND
### PETER COMFORTE

#### v.

### SAMUEL Z. GOLDSTEIN, INC.

Argued: Mar. 18, 1969. Decided: Oct. 3, 1969.

*Present:* Garvey, P.J., *Moore, Allen, J.J.

Case tried to *Walsh, J.,* in the District Court of Springfield No. 194940

*Allen, J.* This is an action of tort in which the principal plaintiff, seven years old (plaintiff), seeks to recover for personal injuries allegedly caused by the negligence of the owner of the premises of which her father, with whom she lived, was a tenant. The father seeks consequential damages. The negligence alleged is permitting a radiator to remain on a common piazza. There was a finding for the plaintiff and the defendant claims to be aggrieved by

---

*Judge Moore because of illness incurred after hearing arguments did not participate in the writing of this opinion.

the denial of two of his requests for rulings of law.

There was no error.

The reported evidence most favorable to the plaintiffs shows that the father became a tenant of the defendant on the first floor of a four story apartment building in February, 1967. There were two units on the first floor, one occupied by the plaintiffs' family and the adjacent one by a Mrs. Dean (Dean). A wooden porch ran across the rear of the building. To the left of the center was a stairway used by all the tenants for access to all apartments. The latter part of May, 1967 a radiator was removed from Dean's apartment by the janitor's son and placed flat down in the extreme corner of her porch. The radiator weighed about one-hundred and fifty (150) pounds, was about three and one-half (3½) feet tall, contained six (6) tubes and was held upright by four (4) legs. The janitor, employed by the defendant, lived next door and saw it on the piazza several times and in different places. He did not know how it got there, but left it there to be used the next winter.

On the morning of July 17, 1967 the plaintiff's father noticed the radiator near the wall of the building as he had to pass it to get to the stairs to the ground. About 5:30 p.m. the plaintiff went out to play and soon after, upon hearing her scream, her father went out and found her pinned against the outside railing

of the porch by the radiator. When he tipped it off his daughter it was in the same position as he had noticed it that morning. There was evidence floor boards had previously vibrated when children played there and boards were shaky. No witness saw the accident.

The judge found as follows:

"... this radiator had been allowed to remain on the back porch area an unreasonable length of time with the knowledge of the landlord's agents or servants. It was foreseeable under the circumstances that this radiator could cause harm or injury to persons lawfully using the premises as the minor plaintiff was doing.

"I find that the defendant was negligent and the plaintiff was not contributorially negligent."

The defendants' request number three reads:

"In the absence of a special agreement, the plaintiffs in order to recover for injuries caused by an obstruction or a foreign substance on a common passageway must prove that it was placed there by the landlord himself, or his agents or servants, as the landlord is under no obligation to remove them if they were put there by strangers or third persons."

There was no error in its denial.

 "... although a landlord has no duty arising from the landlord and tenant relationship to find and remove obstacles or objects

placed in common areas by natural causes or by the actions of third persons not subject to his control, he does have a duty not to leave or cause to be left obstacles or obstructions likely to cause harm or injury to persons lawfully using the common premises.'' *Martin* v. *Reis,* 344 Mass. 32, 35; *Ross* v. *Broitman,* 338 Mass. 770, 773; *Chalfen* v. *Kraft,* 324 Mass. 1, 4-5.

 ''Where a judge has made findings of fact which are warranted by the evidence such findings may justify the denial of a request on the ground that it is inapplicable even though it is correct as a proposition of law.'' *Deutsch* v. *Ormsby,* 354 Mass. 485.

This brings us to the question raised by the ninth request:

''The evidence does not warrant a finding that the defendant was negligent.''

 The judge's finding of negligence is ''not to be reversed if it can be supported on any reasonable view of the evidence including all rational inferences.'' *Martin* v. *Reis,* 344 Mass. 32, 35; *Scire* v. *Scire,* 348 Mass. 768; *Piekos* v. *Bachand,* 333 Mass. 211, 213.

The radiator was seen by defendant's janitor several times and in several places over a period of at least nearly two months. It was foreseeable result that it might have created a dangerous condition and cause injury (*Martin* v. *Reis,* 344 Mass. 32, 35).

*As there was no error the report is to be dismissed.*

COHEN, DONAHUE, ROSENTHAL and HUNTER
 of Springfield, for the Plaintiff.

ROBINSON, DONOVAN, CAMPBELL,
MADDEN & BARRY
 of Springfield, for the Defendant.