*Northern District*

No. 7370

**JAMES H. HALLER, PPA ET AL**

**v.**

**E. A. SPRY AND COMPANY, INC.**

Argued: Aug. 26, 1970. Decided Oct. 5, 1970.

*Present:* Connolly, J. (Presiding), Parker, Cowdrey, J.J.

Case tried to *Troy, J.,* in the Municipal Court of Dorchester No. 26367.

**Parker, J.** *In this action of tort* the plaintiff's declaration is in two counts. The plaintiff in Count I claims, through his father as next friend, personal injuries and in Count II the plaintiff is the father claiming consequential damages. Both Counts are based upon the neg-

ligence of the defendant's agents in moving furniture from the residence of the minor plaintiff's father. The defendant's answer was a general denial, contributory negligence and assumption of the risk. The court found for the plaintiff in the amount of $42,000.00 on Count I. No finding was made on Count II.

The docket shows that the finding for the plaintiff was entered 21 October 1968 which was a Monday. A draft report was filed by the defendant on 28 October 1968 the following Monday. The defendant's counsel received notice of the Court's finding 22 October 1968. There was evidence that defendant's counsel attempted to file the report at the court on Saturday 26 October 1968, but was unable to do so because the court was closed that day, and therefore the draft report was filed on 28 October 1968. The plaintiff filed a motion to dismiss the draft report and the defendant filed a motion to strike the plaintiff's motion. The motion of the defendant was allowed and the motion of the plaintiff denied. A consolidated draft report was settled by the court on 22 October 1969, which report was filed 30 January 1970. On 2 April 1970 there was a hearing on the consolidated report and an amended consolidated report was signed 19 May 1970. The case is before us on the amended consolidated report.

The plaintiff maintains that the court was in error in denying his motion to dismiss

the draft report and in granting the defendant's motion to strike this motion by the plaintiff. Rule 27 of the Rules of the District Courts (1965), last sentence of the third paragraph, provides that a written request for a report shall be filed with the clerk within five [5] days after notice of the finding or decision. The last sentence of the fourth paragraph as Rule 27 states "A Draft Report filed within the period required for a request for a report under this rule shall be deemed to include a request for a report".

"After notice" means after knowledge of the substance of the notice comes to the person to be notified. *Regan* v. *Atlantic Refining Co.*, 304 Mass. 353. *Liberty Mutual Ins. Co. Petitioner* 298 Mass. 75, 76. *Jefferson* v. *L'Heureux* 293 Mass. 490, 492.

The defendant received notice 22 October 1968, which was the 296th day of 1968, and 5 days after 22 October was 27 October 1968, the 301st day of 1968. 27 October 1968 was Sunday.

The second paragraph of Rule 2 of the Rules of the District Courts provides that when the day or last day for the performance of any act authorized or required by those rules—falls on a Sunday—the act may be performed on the next succeeding business day. § 9 of Chapter 4 of the General Laws also provides that if the last day for performance of any act required by statute falls on Sunday it may be

performed on the next succeeding business day unless a contrary intent appears.

It is settled law that when the period for an act to be done is less than a week, in determining the number of days within which the act is to be done Sunday is to be excluded. *Muldoon* v. *West End Chevrolet, Inc.*, 338 Mass. 91, 94. *Marcellino Petitioner*, 271 Mass 323, 324. *Stevenson* v. *Donnelly*, 221 Mass. 161. *Cunningham* v. *Mahan*, 112 Mass. 58, 59.
Further when a statute fixes a limitation of time within which a particular act may be done, the day from which the time runs, which in this case is 22 October 1968, the day the defendant received the notice of the finding, is excluded. Therefore, excluding that date the five [5] day time limit began on 23 October and would terminate on the 28th of October 1968, the date on which the draft report was filed. *Laine* v. *Aarnio*, 265 Mass. 374, 375. *Daley* v. *Dist. Ct. of Western Hampden*, 304 Mass. 86, 94.

There was no error in the denial of the plaintiff's motion to dismiss the draft report nor in the allowance of the defendant's motion to strike the same.

The defendant claims to be aggrieved by the denial of his requests for rulings and by the finding by the court on the defendant's requests 1, 2 and 3.

*The report shows that there was evidence tending to show the following:*

The family of the minor plaintiff consisted of his mother, his father and the minor plaintiff himself. The father of the minor plaintiff was on 18 December 1958 in the armed service. He had received orders that he was transferred to Germany. The defendant corporation was engaged for remuneration by the 1st Army to remove household furniture from the plaintiff's home. The defendant sent three (3) men and a moving truck on 18 December 1958 to the plaintiff's residence, single family dwelling of three bedrooms, living room, kitchen and bathroom on the first floor, with a basement beneath the first floor. The father and mother of the minor plaintiff as well as the minor plaintiff were in the house. On that day the minor plaintiff was three years and two or three months old. When the movers arrived at about 8:30 A.M., the minor plaintiff was with his mother. At about 8:30 a.m. furniture in the master bedroom, where the accident happened, was removed excepting a bed and bed spring weighing about eighty pounds. The movers put the bed spring up against the wall, almost straight up and down in a perpendicular manner so that one end of the spring was touching the wall and the bottom end of the spring was about eight inches from the wall at the bottom. The floor upon which the spring was set was made of oak, was smooth, sanded and waxed.

Sometime later (the father testified at noon,

the defendant in answer to interrogatories which were a part of the evidence, said 10:30 a.m.), while two of the three movers were out on the moving truck, the plaintiff's father with one of the movers went down into the basement to arrange for the moving of some items. When they returned upstairs they heard a noise in the bedroom and a child crying. They went to the bedroom, found the door partly closed and the minor plaintiff on the floor of the bedroom with the bed spring on top of him. He had a large bump over his eye. His mother came from the kitchen and comforted him.

When the movers left, the parents noticed the minor plaintiff could not stand and he was taken to the Mass. General Hospital where it was discovered he had an acute fracture of the right femur. There were later injuries to the minor plaintiff and there was evidence that a later fracture of the minor's left femur was causally related to the fracture which occurred 18 December 1956 and further that the condition of minor plaintiff's right leg being one-half inch longer than the left was causally related to the original injury of 18 December 1956 and was permanent; and that the minor plaintiff would have to wear a lift in his left heel from now on for his lifetime and if he failed to wear the lift he would probably develop a curvature of his spine.

The defendant stated in answers to interrogatories that the parents of the minor plain-

tiff were asked by the defendant to restrain the minor plaintiff, but his father denied his.

The defendant's counsel did not call any witnesses.

The defendant seasonably filed five (5) Requests for Rulings as follows:

1. The evidence does not warrant a finding that the defendant, its agent or servants were negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff, contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

5. The evidence does not warrant a finding other than that the negligence of the minor plaintiff, or the person in whose custody he was at the time of the accident, contributed in whole or in part to cause the alleged injuries and damage.

The action of the court on these requests was as follows:

1. I find as a fact that the plaintiff was in exercise of due care and suffered an injury due to the negligence of the defendant.

2. Denied. I find that as a fact the plain-

tiff did not contribute in whole or in part to the cause of the injuries.

3. Denied. I specifically find that the defendant's negligence proximately caused the injuries incurred.

Requests 4 and 5 were denied.

After the general finding the defendant filed a motion for new trial on the grounds, that the finding was against the evidence and the weight of the evidence, was against the law applicable to the case, and that the amount of damage was excessive. The motion was denied and from this denial the defendant has seasonably claimed a report.

The defendant urges that the evidence fails to show that the agents of the defendant were negligent. (Request for ruling #1 and #4). and that the evidence fails to show how the accident happened (Request for rulings #2 and #3). The defendant neither in his brief nor in oral argument raised the question of contributory negligence by the minor plaintiff and so we consider that the defendant has waived any objection to the denial of his request #5.

Was the Court warranted in finding that the defendant was negligent?

From the evidence reported the following facts could have been found: Defendant's employees removed all furniture from bedroom except for a bed spring weighing about 80 pounds. They put the bed spring up against

the wall almost straight up and down in a perpendicular manner so that one end of the spring was touching the wall and the bottom end of the spring was about eight inches from the wall at the bottom. The floor upon which the spring was set was oak, smooth, sanded and waxed. The minor plaintiff was aged three years and about three months old. He was present at his parent's home when the defendant's employees came to do the moving and there was no evidence that he was not there during the time they were there. While two of the defendant's employees were outside the house on the moving trucks and the other employee of the defendant, with the minor plaintiff's father had returned upstairs from the basement at noon, they heard a noise in the bedroom and a child crying. They went to the bedroom, found the door partly closed and the minor plaintiff on the floor of the bedroom with the bed spring on top of him. He had a large bump over his eye.

From this evidence it could be inferred that the bed spring fell upon the minor plaintiff as a result of the defendant's negligence. ▉ The defendant's employees placed it there leaning against the wall of the room in a perpendicular manner almost straight up and down and about 8 inches from the wall at the bottom. This was evidence upon which the court could have found that leaving the bed spring in a precarious balance was a neg-

ligent act which caused the minor plaintiff's injury. *Purdy* v. *R. A. McWhirr Co.*, 350 Mass. 769. *Martin* v. *Reis*, 344 Mass. 32, 36. *Dunbar* v. *Ferrera Bros., Inc.*, 306 Mass. 90. *Ryder* v. *Robinson*, 329 Mass. 285.

The fact that the bed spring fell on the minor plaintiff, is evidence that the defendant was negligent. *Iandoli* v. *Donnelly*, 332 Mass. 601. *Navien* v. *Cohen*, 268 Mass. 427, 431.

 Whether there has been negligence must be ascertained with reference to all circumstances, one of which is the consequence likely to ensue in event the instrumentality escapes control. Plaintiff is not required to introduce evidence of specific negligence when all the facts point to carelessness as the rational explanation. *Glaser* v. *Schroeder*, 269 Mass. 337, 340.

 If the accident in this case were not explained, it could have been found from the experience and knowledge of ordinary affairs that such an accident commonly does not happen unless the bed spring was carelessly handled. The case is one of an unexplained accident which in the ordinary experience of mankind would not have happened without fault of the defendant and in such a case negligence may be inferred from the happening of the accident. *Cushing* v. *Jolles*, 292 Mass. 72, 74. *O'Neil* v. *Toomey*, 218 Mass. 242, 244.

 Even if there were negligence of another party which caused injury to the plaintiff, the

defendant would not be excused if such a result was the reasonable consequence of the defendant's negligence. *Hennigan* v. *Nantasket Boat Line, Inc.,* 329 Mass. 690. *Leahy* v. *Standard Oil Co. of N.Y.,* 224 Mass. 352.

The plaintiff has produced a preponderance of the evidence that warranted the finding the defendant was negligent and that there was no error in the denial of the defendant's requests #1 and #4.

The defendant urges that the evidence fails to disclose how the accident occurred. (Requests for ruling 2 and 3.)

The plaintiff is not required to show the particulars of the defendant's negligence. It is enough if he shows facts from which negligence might be inferred. This is so even if the fall of the bed spring may have been due to the conduct of someone other than the defendant's employees. However, on the facts it could have been found that negligence on the part of the defendant was a more likely cause of the accident. *Marbardy* v. *Compo,* 344 Mass. 459, 462.

The defendant has cited *Hathaway* v. *Chandler & Co.,* 229 Mass. 92. This case on its facts is plainly distinguishable. The plaintiff in that case fell in the defendant's store alleging that she fell because as she was walking across the store floor her foot caught in a strip of matting upon the floor. The evidence showed the store well lighted and that after she fell she noticed

that part of the matting was raised from the floor, but the court states that there was no evidence whatever to show it did not lie smoothly on the floor up to the time she caught her foot and fell. In the case at bar there is evidence that the bed spring was placed in the position from which it fell by the defendant's employees previous to the accident.

The defendant further cites *Mahoney* v. *Great Atlantic & Pacific Tea Co.*, 269 Mass. 459, where it was not shown that the defendant placed the sled that fell on the plaintiff in an unsafe position, and *Hofnauer* v. *R.H. White Co.*, 186 Mass. 47, also cited by the defendant, was decided on the basis of assumption of risk by the plaintiff.

There was no error in the denial of the defendant's requests #2 and #3.

The defendant filed a motion for new trial. One of the grounds for the motion was that the damages awarded by the court were excessive. On this ground alone the defendant claims that the denial of the motion for a new trial was an abuse of discretion constituting an error of law.

The defendant filed no requests for rulings on his motion for new trial and therefore the case is not subject to review on a report from the District Court. This Division can only consider the question of discretionary action of a trial judge when it is so clear that discretion

was superseded by an imperative legal duty. *Bartley* v. *Phillips*, 317 Mass. 35, 43, 44.

The report shows that there was evidence that the minor suffered from a later fall resulting in hospital treatment in the U.S. Army Hospital in Germany, and that the hospital records of his treatment therefore were in evidence, and that there was medical evidence that this later accidental fall was causally related to the fracture of 18 December 1956, and that the injury to the minor plaintiff was permanent and that he would have to wear a lift to his left heel for his lifetime and if he did not he would probably develop curvature of the spine.

The question is not whether we would take a different view of the evidence or should have made an opposite decision from that made by the trial judge. To find that the court has abused its discretion, so as to have committed an error of law, would require a decision that no conscientious judge, acting intelligently could honestly have taken the view expressed by him. *Davis* v. *Boston Elevated Ry.*, 23 Mass. 482, 296-97, 502. *Ogden* v. *Aspinwall*, 220 Mass. 100, 105.

On the evidence it cannot be said that the amount of damage found by the court, though large, was so clearly disproportionate to the injuries sustained that no conscientious judge acting intelligently could honestly have made

such a finding. *Giblin* v. *Lincoln Park Amusement Co.*, 318 Mass. 781.

The action of the trial judge in denying the motion for a new trial brought by the defendant was not an abuse of discretion constituting an error of law.

**The report will be dismissed.**

EDMUND M. PITTS
 for plaintiff
BADGES, PARRISH, SULLIVAN, FREDERICK
 for defendant