DAVID PIRES & another *vs.* ARTHUR QUICK.

Barnstable.    September 19, 1974. — November 7, 1974.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Negligence,* Invited person, Licensee, Dangerous article.

In an action for personal injuries and consequential damages, evidence that the defendant invited the minor plaintiff to ride his truck, and later permitted the minor to stand on the truck while exposed pump gears were in operation was sufficient to submit to the jury the issues of the minor's status on the truck and of the defendant's negligence. [314-315]

TORT. Writ in the Superior Court dated March 20, 1969.

The action was reserved and reported by *Dimond,* J.

*Robert W. MacDonald* for the plaintiffs.

*Cortland A. Mathers* for the defendant.

WILKINS, J.    Following verdicts for the plaintiffs in this action of tort, the judge has reported "the question of the correctness of the Court's denial of the defendant's motions for directed verdicts and for entry of verdicts for the defendant under leave reserved." See G. L. c. 231, § 111. Each count of the declaration was for ordinary negligence. The first count sought recovery for personal injuries to the minor plaintiff; the second count was for consequential damages alleged to have been sustained by his father.

Considering the evidence most favorable to the plaintiffs, as we must in passing on the questions presented, the jury could have found the following facts. On the day he was injured, the minor plaintiff (the boy) was ten years old. The defendant had contracted with the boy's father to clean the family's cesspool. On July 3, 1968, the defendant drove his

truck onto the family's property in Falmouth and began work. The boy watched the defendant pump out the cesspool. When the defendant was through the first phase of his pumping, he permitted the boy and his brother to ride with him in the truck to the dump, where the truck was emptied. The defendant then drove back to the plaintiffs' home and resumed pumping, using once again a pump mechanism rigged on the outside of the truck. After helping the defendant in the use of a garden hose, the boy climbed up on the truck to look inside it. The defendant saw the boy on the truck, smiled and continued to work. The gears on the pump mechanism, which then were working, were open without any guard or shield. The boy's left big toe became "caught in the gears" of the pump, and subsequently that toe was amputated.

The defendant argues that the boy was a trespasser on the truck, or at most a gratuitous guest, and as a result he is not liable to the plaintiffs for ordinary negligence. He further argues that, even if he were liable for ordinary negligence, the plaintiffs may not prevail because there was no evidence of ordinary negligence. We reject both of these arguments.

There was evidence from which the jury could have found that the boy was on the truck with the defendant's knowledge and assent. The defendant had permitted the boy to ride in the truck to and from the dump. Moreover, shortly before the accident, the defendant saw the boy on the truck and smiled at him. The judge correctly left to the jury the question of the boy's status on the defendant's truck.[1]

It was for the jury to determine whether the defendant was negligent on these facts. The jury could have concluded that the defendant reasonably should have foreseen the risk

[1] The report does not contain any portion of the judge's charge, and no question is raised concerning it. This case was tried before this court's opinion was handed down in *Mounsey* v. *Ellard,* 363 Mass. 693 (1973). The plaintiff does not argue that principles expressed in the *Mounsey* case concerning the liability of a landowner to persons on his property should be extended to motor vehicles or personal property generally, and we express no opinion on the matter.

of injury to the boy. The defendant knew the gears were exposed and the pump was running; he knew the boy was on the truck; instead of stopping the pump or warning the boy when he saw the boy on the truck, the defendant smiled at him. Although none of our prior cases is factually similar to this one, in analogous cases involving minors who were on land where they had a right to be, we consistently have left to the jury the question whether the defendant created a reasonably foreseeable risk of harm to minors. See *Lane* v. *Atlantic Works,* 111 Mass. 136, 141 (1872) (loose iron on a wagon); *Sample* v. *Melrose,* 312 Mass. 170, 173-174 (1942) (pit dug on the parents' property); *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78, 80-81 (1947) (nails in a discarded crate); *Ryder* v. *Robinson,* 329 Mass. 285, 287 (1952) (precariously balanced fence); *Smith* v. *Eagle Cornice & Skylight Works,* 341 Mass. 139, 141 (1960) (axe left with construction materials).

In accordance with the terms of the report, judgments are to be entered on the verdicts for the plaintiffs.

*So ordered.*