*Western District*

## No. 134

# J. DIRATS & CO., INC.
## v.
# NATIONAL CASH REGISTER CO.

Argued: Aug. 18, 1975. Decided: Nov. 17, 1975.

Case tried to *Walsh, J.,* in the District Court of Springfield. No. 74 C 1299.

Present: Gould, Larkin, and Cimini, JJ.

**Cimini, J.** This is an action of contract to recover $1233.70 paid as an advance rental deposit for the lease of an NCR-399 system. The answer is a general

denial and also sets out the defense that the contract including any extensions thereof, called for performance by the defendant on or before December 6, 1973.

The trial court found for the plaintiff in the sum of $1233.70.

*There was evidence that* on or about October 12, 1972, the plaintiff entered into an agreement, with the defendant, for the lease of an NCR-399 system.

Thereafter, due to the delay in providing the plaintiff with an acceptable system, on or about June 25, 1973 the plaintiff cancelled said agreement. Later on September 7, 1973, at the request of the defendant, the plaintiff agreed to extend the time of performance by the defendant an additional 90 days to produce an acceptable system, to and including December 6, 1973. On or about November 9, 1973, some 60 days later, the plaintiff saw that no substantial progress was being made, so it notified the defendant of its intention to cancel. The defendant, by letter dated November 16, 1973, notified the plaintiff that its letter of cancellation had been sent to its regional office for consideration. At meetings held on or about this time, no significant progress on the development of the plaintiff's machine was shown to the plaintiff. The plaintiff also requested on or about this time to be shown the machine and system it had ordered and at no time was such machine shown to the plaintiff. The defendant never did tender a machine set up for the purpose intended at any time up to and including December 6, 1973.

The trial court made a special finding of fact as follows:

> "This is an action of contract for the return of an advance deposit made toward the rental of a business machine from the defendant. After hearing all the evidence I find that the contract was to commence by its terms "upon delivery

and installation of the leased equipment". The parties executed the rental agreement and the plaintiff paid the deposit on October 12, 1972.

On September 7, 1973, the equipment was still not ready for delivery and although the plaintiff was dissatisfied, it gave the defendant 90 days to ready the machine for acceptance. On or about November 9, the plaintiff saw that no substantial progress was being made so it notified the defendant of its intention to cancel.

I find that the defendant would not have delivered and installed the machine within the 90 day period nor did it ever attempt to offer to do so."

The defendant made 9 requests for rulings of law and claims to be aggrieved by the trial court's denial of requests of rulings ##2, 8 and 9. #2 states: "the evidence does not warrant a finding for the plaintiff". #8 states: "had defendant been allowed the entire 90 day extension period, defendant could have satisfactorily performed said agreement to plaintiff's satisfaction". This request was denied as "inapplicable to or inconsistent with the facts found". Request #9 states: "as a result of plaintiff's cancellation of said agreement and consequent breach of contract, defendant has suffered damages equal to or greater than the deposit given to the defendant by plaintiff and as a matter of law, owes the plaintiff nothing". This request was denied as being immaterial.

In our opinion, the Court properly denied the above stated requests for rulings of law.

The deposit given by the plaintiff was an advance rental deposit. According to the terms of the rental agreement, the period of the lease was to begin upon delivery and installation of the leased equipment. Since the equipment was never either delivered or installed, the rental contract never commenced.

Thus, no rent ever became due under the contract and so there is no basis upon which the defendant may retain the advance rental deposit.

In other words, the consideration of rental payments was the use of the system to be rented and since no use was ever obtained, no rent ever became due. Therefore, there was nothing due the defendant which would warrant its refusing to return the advance rental deposit. See: *Hall v. Middleby,* 197 Mass. *Maskow v. Fine,* 292 Mass. 233, 235; *Highland Trust Company v. Slotnick,* 289 Mass. 119, 121.

In *Hall v. Middleby,* 197 Mass. 485, the court held that where there was deposit given to secure the payment of rent and rent was due in advance of the first of the month, when the lease was terminated on the first of the month, rent did not become due for that month, due to the failure of consideration for a month's rent which was for the use of the premises for a whole month. Hence, there was no basis upon which to withhold the deposit which had been given to secure the payment of rent. In the instant case, rent never became due since by its own terms, the contract never commenced as no system was ever delivered and installed. Therefore, there was no consideration given for any rental payments and the rental deposit cannot be held to secure rental payments which never became due.

Further, the trial court in this case specifically found that the contract was to commence upon delivery and installation of the leased equipment and that therefore, the contract by its terms never commenced.

Findings of fact of a trial justice must be accepted as final when supported by any rational consideration of the evidence including the reasonable inferences which could have been drawn therefrom, unless those findings are erroneous as a matter of law. *Comforte v. Samuel Z. Goldstein, Inc.,* 42 Mass. App. Dec. 209. *Proctor v. Owen Motors, Inc.,* 42 Mass. App. Dec. 80.

Also a trial justice's general finding is conclusive, if there is any evidence to support it. *Heath v. Quincy Mutual Fire Ins. Co.,* 41 Mass. App. Dec. 120.

There being no prejudicial error, *the report is dismissed.*