ALICE KOCZUR *vs.* THOMAS V. FLANAGAN & another.

SAME *vs.* FRANK LEBLANC.

Worcester.    March 6, 1940. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence*, Motor bus, In use of way.

Evidence that a motor bus, passing a street car on the right at a speed of thirty to thirty-five miles per hour, "squeezed in tight" between the car and the curb and hit something on the right, causing a passenger on the front seat to be thrown forward and to come in contact with some hard object whereby he suffered lacerations, a broken frontal bone and concussion, warranted a finding that negligence of the bus operator caused such injuries.

TWO ACTIONS OF TORT. Writs in the First District Court of Northern Worcester dated July 20, 1937.

On removal to the Superior Court, the actions were tried together before *Goldberg,* J., and a verdict was returned for the plaintiff in each action in the sum of $3,500.

*B. C. Tashjian,* for the defendants.

*W. M. Quade,* for the plaintiff.

DOLAN, J.   These are two actions of tort brought by the same plaintiff to recover compensation for personal injuries.   The defendants in the first case were owners as copartners of the motor bus in which the plaintiff was a passenger at the time of the injuries complained of.   The defendant in the second action was the operator of the bus at the time of the accident.   He was an employee of the defendants in the first case and was operating the bus within the scope of his employment.   The cases were tried to a jury and in each case a verdict was returned for the plaintiff.   They now come before us on the defendants' exceptions to the denial of their motions for directed verdicts.

The evidence most favorable to the plaintiff would warrant the jury in finding the following facts: The bus was a large one, capable of carrying thirty passengers.   It was viewed by the jury.   On its right hand side at the front door there was a "grab iron of brass extending vertically and in from the side of the bus some three or four inches." The plaintiff was seated on the right hand side of the front seat "at the door."   Her sister was seated beside her at her left.   The seat accommodated two persons.   The operator of the bus was stationed in front of them to their left.   The bus was proceeding in Worcester, near Lincoln Square, when the accident occurred.

There was a trolley car in front of the bus.   The operator of the bus turned it to the right to pass the car and went between the car and the right hand curb at a speed of thirty to thirty-five miles an hour.   The bus "squeezed in . . . tight" going "side by side" with the car and "hit" something on the right.   Several of the passengers screamed. A passenger other than the plaintiff "almost fell off her seat."

The plaintiff was thrown forward and her head came in

contact with some hard object. She was then observed "lying back on the seat with blood streaming from her face." As a result of the accident she had a swelling over the left eye which was practically closed; a laceration over the eye and over the forehead; a fracture of the left frontal bone over the left "orbit" and a concussion of the brain. She did not know with what she came in contact.

The operator of the bus heard the "screeching" and stopped the bus seventy-five or eighty feet from the point where he "first heard the screaming." He got out of the bus and ran back seventy-five feet or so. He wanted to determine what had happened. He "couldn't see . . . anything that might cause injury like that with the exception of a telephone pole that stood there."

The defendant contends that the evidence does not warrant a finding of a jar, jerk, jolt or lurch other than such as is usually incident to the operation of motor vehicles of common carriers; that the evidence with relation to the proximity of the bus to the car is not evidence of negligence (asserting that there is no evidence as to the width of the road and the space available on the right side); that the speed of the bus is no evidence of negligence; and that the cause of the plaintiff's injuries is left in the realm of speculation and conjecture.

We are of opinion, however, that the jury would be warranted in finding that the injuries sustained by the plaintiff were not caused by such jars or jolts as are usually incident to the operation of vehicles of common carriers of passengers. They could also find that the space between the car and the curb into which the bus was driven by its operator was so narrow that the "bus" was "squeezed in"; that it was driven into this position at a speed of thirty to thirty-five miles an hour; and that it struck the curb or some other object near the curb, with resultant injuries to the plaintiff.

"The plaintiff . . . [was] not bound to point out the exact way in which the accident occurred nor to exclude the possibility that it might have happened in some other way than that claimed by . . . [her]." *McNicholas* v.

*New England Telephone & Telegraph Co.* 196 Mass. 138, 141. She was only bound to show in evidence a greater likelihood that her injuries "came from an act of negligence for which the . . . [defendants are] responsible, than from a cause for which . . . [they are] not liable." *Rocha* v. *Alber*, 302 Mass. 155, 157–158, and cases cited.

The evidence warranted the submission of the issue of the defendants' negligence to the jury.

*Exceptions overruled.*