COLEMAN CONLEY *vs.* SIDNEY A. MORASH.

Middlesex. October 11, 1940. — November 26, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, One owning or controlling real estate, Res ipsa loquitur. *Practice, Civil*, Findings by judge.

Evidence warranted a finding that a piece of wood, which struck the plaintiff while on land adjoining land of the defendant where carpenters in the employ of the defendant were at work on the roof, was blown or came from the roof as a result of negligence of the employees.

A judge of a District Court is not required to make subsidiary findings of fact in writing unless they are necessary for determination of the propriety of his action upon requests for rulings of law.

TORT. Writ in the Fourth District Court of Eastern Middlesex dated July 20, 1938.

There was a finding by *Sartorelli*, J., for the plaintiff in the sum of $500.

The case was submitted on briefs.

*J. Finelli*, for the defendant.

*L. F. Garvey & M. K. Campbell*, for the plaintiff.

DOLAN, J. This action of tort to recover compensation for personal injuries comes before us on the defendant's appeal from an order of the Appellate Division dismissing the report.

The evidence would warrant the judge in finding the following facts: On June 25, 1938, at about 4:30 P.M., the plaintiff was working in Winchester on the premises of one

Redfern, which adjoined land of the defendant upon which he was building a house. At the time of the accident the plaintiff was standing on the Redfern property at about the boundary line between that property and the defendant's premises. The defendant's house "sat seventeen feet" from that line. The defendant's employees were shingling the house, and one Oikle, a carpenter in the defendant's employ, was applying "a . . . frieze board, which is a piece of wood one inch thick and six inches wide, which runs along the edge of the roof from the back of the roof to the gutter." The plaintiff saw an object above his head in the air, coming from the direction of the defendant's house, and "immediately thereafter he was struck on the head and felled to the ground." He was unconscious for some period of time. He was assisted by some of the defendant's employees and later by the defendant, and was taken to a hospital by Oikle, who told a physician who was then present that "he thought that a board blew off the roof and hit the plaintiff." At the time of the accident the wind was blowing from the direction of the defendant's house "harder than usual." In Boston it was then blowing at a velocity of about twenty-two miles an hour.

After the plaintiff had regained consciousness he noticed a piece of wood near him on the Redfern land. It was "about six inches wide and about fifteen to eighteen inches long, all sides being straight except one side which was diagonal, which formed a point." On the same day, after the accident occurred, a piece of board was seen on the Redfern land about two feet from the line. It was "cut at a forty-five degree angle, similar to a mortise board on top of a door casing." There was blood on this board, and there was a piece of tar paper which had blood spots on it, and also "blood on the ground" of the Redfern premises ",near the line." Before the accident there were no boards or pieces of boards on the Redfern side of the line.

The defendant filed five requests for rulings, the first, third and fifth of which read as follows: "(1) There is no evidence to warrant a finding that the injuries sustained by the plaintiff resulted from the negligence of the defend-

ant. . . . (3) The burden of proving negligence is upon the plaintiff, and he has not sustained the burden of showing that the defendant was negligent. . . . (5) That a written memorandum of the findings of facts be filed with a decision in this case." The judge made the following finding: "In above entitled action enter finding for the plaintiff for $500. Defendant's requests for rulings #1, 3, 5, denied, #2, 4, allowed."

In view of what is hereinafter said relating to the denial of the defendant's first request and of the fact that the judge granted the defendant's fourth request that "To establish liability negligence on the part of the defendant must be positively shown, and as matter of law cannot be left to surmise, speculation or conjecture," a ruling at least sufficiently favorable to the defendant as to the burden of proof (see *Sargent* v. *Massachusetts Accident Co., ante,* 246, 250), we think there was no error in the denial of the defendant's third request.

There was no error in the denial of the defendant's fifth request. The judge could not be required to make findings of fact in writing. *Castano* v. *Leone,* 278 Mass. 429, 431, and cases cited. The case is distinguishable from cases where requested rulings are denied as not being applicable to the facts found and the judge fails to state the facts found upon which the refusals are based. See Rule 27 of the District Courts (1932) as amended October 1, 1937; *Barry* v. *Sparks,* 306 Mass. 80, 85. In the present case the only obligation resting on the judge was to pass upon pertinent requests for rulings of law and to decide the case. *Maglio* v. *Lane,* 268 Mass. 135, 137.

We are also of opinion that the judge did not err in denying the defendant's first request, set forth above, to the effect that there was no evidence to warrant a finding that the plaintiff's injuries were caused by the negligence of the defendant. The plaintiff was "not bound to point out the exact way in which the accident occurred nor to exclude the possibility that it might have happened in some other way than that claimed" by him. He "was only bound to show in evidence a greater likelihood that . . . [his] injuries

'came from an act of negligence for which the . . . [defendant is] responsible, than from a cause for which . . . [he is] not liable.'" *Koczur* v. *Flanagan,* 306 Mass. 121, 124. *Sargent* v. *Massachusetts Accident Co., ante,* 246, 250, and cases cited. While the case is somewhat close, we think that it cannot be said that the judge was not warranted by the preponderance of the evidence and the reasonable inferences therefrom in finding, as he impliedly did by his general finding for the plaintiff, that the injuries sustained were caused by the defendant's negligence. On all the evidence the judge could find that the plaintiff was struck by a piece of board which had been cut off by the defendant or his employees in the course of constructing his house, and could reasonably infer that it was blown or came from the roof of the defendant's house as a result of negligence for which the defendant was responsible.

*Order dismissing report affirmed.*