*Northern District*
No. 5784
**ROBERT W. BUCKLEY, JR., ppa, et al**
v.
**GEORGE I. HULL**
November 4, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.
Case tried to *Thomson, J.* in the Central District
Court of Northern Essex. No. 9245 of 1962.

*Parker, J.* This is an action of tort by the plaintiff, ppa to recover for personal injuries as a pedestrian crossing a public way in Haverhill, 11 May 1962, when he was alleged to have been struck by a motor vehicle operated by the defendant. His father also seeks consequential damages. The answer was a general denial and contributory negligence. The trial court found that the defendant, at the time and place of the accident, was in violation of G. L. c. 90, in that he drove his car at a stated rate of speed when he was aware of the presence of travellers in the highway, and that he did not change his speed, or attempt to slow down in any manner, from the time when he first became aware of the pedestrians up to and including the time of the alleged accident, and that as a fact, this violation was a direct cause of the accident.

The defendant filed 9 requests for rulings. One request was waived, one granted and seven denied.

The report states that the defendant claims to be aggrieved by the finding that the defendant's violation of the statute was a direct cause of the accident, and by the denial of his requests 3, 4, 5, 6, 7, 8, and 9, but on his brief and before us, he only argued upon the court's denial of his requests 4, 5, 6, 7, and 8.

The report discloses that *there was evidence that* the defendant saw the plaintiff, with his mother and brother, crossing South Main Street from his left to his right; that the defendant was proceeding down South Main

Street, with the right hand side of his car about ten feet from the curb on his right hand; that the defendant saw the plaintiff with his mother and brother when he was at estimated distances between fifty to two hundred feet from them, but he did not slow down; and that he was going twenty miles per hour. *There was also evidence that* the plaintiff, his mother and brother crossed South Main Street from East to West in a somewhat diagonal line; that the plaintiff pulled away from his mother; that she heard a thump and saw the plaintiff being propelled forward.

The report shows that the defendant testified he was aware of the possibility that on occasion children may dart into the street, and that at the hospital, the defendant said: "I am the one who hit the boy." The report states that the plaintiff was born 29 July 1957.

The portion of G. L. c. 90, §14, which relates to this case reads as follows:

"Upon approaching a pedestrian who is upon the travelled part of any way and not upon the sidewalk, every person operating a motor vehicle shall slow down."

The defendant's request 4 reads as follows: "The evidence does not warrant a finding that G. L. c. 90, §14 is applicable to the plaintiff's accident".

In support of this request, the defendant cites *Stafford v. Jones,* 292 Mass. 489. That case is distinguishable from the case at bar. In the *Stafford* case, the testimony furnished no description of the conduct of the defend-

ant in operating his car during the critical seconds immediately preceding the collison. In the case at bar, there was evidence that the defndant did not slow down, though he saw the plaintiff. In the *Stafford* case, the plaintiff and her companion were adults and not children. Also in the *Stafford* case, the defendant was driving her car through an intersection in obedience to a signal from a traffic officer and was entitled to rely to some extent on the expectation that pedestrians would not ordinarily be found in the path of an automobile, when and where a traffic officer had directed the defendant's automobile to go. These were not the facts in the case at bar. On the evidence as here reported, there was no error in denying this request.

Request 5 reads as follows:

"The evidence does not warrant a finding that the plaintiff's injuries were caused by the negligence of the defendant".

This request was properly denied. *There was evidence that* the defendant saw the plaintiff and his mother crossing the street from his left to right when the defendant was at distances between fifty and two hundred feet from the plaintiff; that he did not slow down, that the plaintiff's mother heard a thump and that the defendant at the hospital stated he was the one who hit the boy. The defendant also testified that he stopped because he thought he struck the child. It cannot be said that this evidence does not warrant a finding for

the plaintiff, although it would not require such a finding.

■ The plaintiff is not required to exclude every possibility except the negligence of the defendant, but only to show by the evidence, a greater likelihood that the plaintiff's injuries came from an act of negligence of the defendant. *Rocha v. Alber,* 302 Mass. 155, 157.

■ The plaintiff is not bound to show the precise manner in which the accident occurred. *Capano v. Melchionno,* 297 Mass. 1, 8; *Brown v. Daley,* 273 Mass. 432, 436.

■ Request 6 reads as follows:

"The evidence does not warrant a finding that the speed at which the defendant's vehicle was operated was a cause of the plaintiff's injury."

*There was evidence that* after contact, the defendant stopped his car within some ten feet. It would appear that the defendant could have stopped his car in the fifty to two hundred feet distance away from which he saw the plaintiff. There was no error in denying this request.

Request 7 reads as follows:

"The evidence does not warrant a finding that the defendant's vehicle was improperly operated."

Request 8 reads as follows:

"The evidence does not warrant a finding that the rate of speed of the defendant's vehicle and the portion of the street where it was operated afford a basis for a finding of negligence."

For the reasons stated in the passing upon the defendant's requests 4, 5, and 6 *supra,* we are of the opinion that the plaintiff established by a preponderance of the evidence to be considered by the trial court that it is mor likely or probable that the accident was caused by the negligence of the defendant than for a cause for which the defendant was not liable. *Sargent v. Massachusetts Accident Co.,* 307 Mass. 246, 250; *Koczur v. Flanagan,* 306 Mass. 121, 123-124.

There was no error in the denial of requests 7 and 8. *The report will be dismissed.*

Finbury & Hampton, of Haverhill, for the Plaintiff. (No brief).

John Arthur Johnson, of Boston, for the Defendant. (Brief & argument).