*Southern Division*
### ALBERT E. MONT
v.
### HARDWARE MUTUAL CASUALTY CO.

*Present*: Nash, P. J., Lee & Murphy, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 6793.

*Lee, J.* This is an action of contract in which the plaintiff seeks to recover under the terms of a policy of insurance for damage to the plaintiff's vehicle arising out of an alleged collision of the plaintiff's motor vehicle. The applicable portions of the policy are as follows:

"Part II—Physical Damage

Coverage H—Collision or Upset—(This Coverage is optional.) To pay for direct and accidental loss of or damage to the motor vehicle, hereinafter called loss, caused by collision of the motor vehicle with another object or by upset of the motor vehicle, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declaration, as applicable hereto.

Coverage Y—Comprehensive Loss of or Damage to the Motor Vehicle, Except by Collision or Upset—(This Coverage is Optional.) To pay for direct and accidental loss of or damage to the motor vehicle, hereinafter called loss, except loss caused by collision of the motor vehicle with another object or by upset of the motor vehicle with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects,

fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

There is also a provision in the policy making the insured liable for the first $50.00 of the damage.

The answer is a general denial, that the plaintiff had failed to comply with the terms and conditions of the policy and that the happening of the alleged loss was either specifically excluded from the policy or was not covered by the provisions of the policy.

*At the trial there was evidence* by the plaintiff that on July 9, 1962, he was driving his 1956 Cadillac on a dirt road in the town of Fairhaven in a section known as West Island. The plaintiff had purchased this second hand car about three weeks previously and had driven it during this time without difficulty. There was further evidence that while driving on this dirt road at 2-3 mph through a heavy rainfall in an area filled with water he felt the car lurch and felt a slight bump; that he eventually got onto a macadam surface off the dirt road and travelled for about one and one half miles when he noticed that the red light on his oil gauge was signifying low oil pressure; that he stopped his car within thirty feet and saw an oil drip under the car and left it and it was towed into the Whaling City Motors, a garage in New Bedford, Massachusetts. Several days thereafter he saw the car for

the first time and noticed that the garage people had taken off the oil pan and that the base plug was hanging, having been knocked partially off and that the bearings had been scored. Some four or five weeks later the plaintiff took photographs of a stone in the area where the water had covered the roadway at the time of the alleged accident.

There was evidence that the total cost of repairs was $450.00.

At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:

"1. Accidental loss means a non-intentional loss.

2. Direct loss includes the natural consequences.

3. Damage caused by impact with part of the road is within the terms of the policy insuring the plaintiff's car.

4. The plaintiff should recover for the damage to his car under the comprehensive provisions of the policy.

5. In the alternative, the plaintiff should recover under this policy less the deductible amount thereof."

The defendant made the following requests for rulings:

"1. The evidence does not warrant a finding that plaintiff's vehicle received a direct and accidental loss or damage at the time of the alleged loss.

2. If the plaintiff's vehicle was damaged by reason of a road hazard and the alleged damage resulted from some portion of the vehicle coming in contact with the road

itself by reason of the normal operation of the vehicle and not as the result of colliding with another vehicle or overturning; then the plaintiff is not entitled to any recovery under the policy.

3. The evidence does not warrant a finding for the plaintiff."

The court allowed the plaintiff's requests for rulings numbered 1, 2, 3 and 5 and denied request numbered 4. The court denied all of the defendant's requests for rulings.

■■ The court found the following facts: "I find that on June 16, 1962, the plaintiff purchased from the defendant company a policy of insurance which included coverage H which is called 'collision or upset' coverage and also coverage Y which includes 'comprehensive' coverage. I find that the plaintiff while operating on a dirt road on West Island in Fairhaven, Mass. went over an area filled with water, felt a lurch and then a slight bump and proceeded on, and 1½ miles later noticed his red light on his oil gauge and stopped his car. I find that the plaintiff later found upon examination at a garage, that the plug which is used to keep the oil in the transmission was damaged and that his oil had leaked out. I further find he had damaged his engine in running without oil and that his total damage was $450.00.

"I feel that the court can reasonably infer that the damage to the plug was caused at the time of the bump and that it can be

reasonably inferred that the transmission must have struck the road bed or some object on the road. I find that under coverage H which is Count 1 of this declaration, that the thing the plaintiff struck was "another object" as stated in this clause. I do not find that Count 2 which covers coverage "Y" or comprehensive coverage applies here.

"Since coverage "H" provides for a deductible of $50.00, I find for the plaintiff for $400.00 on Count 1."

The defendant claims to be aggrieved by the allowance of plaintiff's requests numbered 1, 2, 3 and 5, the denial of its requests and the findings made by the court.

The question is whether the evidence warrants a finding that the damage to the motor vehicle was caused by the plaintiff's automobile coming in contact with another object within the provisions of the policy.

The weight or preponderance of the evidence is its power to convince the tribunal which has the determination of the fact of the actual truth of the proposition to be proved.

After the evidence has been weighed, that proposition is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still

linger there. *Sargent v. Mass. Accident Co.,* 307 Mass. 246, 250.

■ The plaintiff need not prove "beyond a reasonable doubt" but by a preponderance of the evidence. *Young v. NY, NH & H RR.,* 273 Mass. 567, 570, 571.

■ The plaintiff is not bound to show the exact way in which the accident occurred nor to exclude the possibility that it might have happened in some other way. *McNicholas v. NE T & T Co.,* 196 Mass. 138, 141. See *Tucker v. Pearlstein,* 334 Mass. 33, 35, 36.

The trial judge could within the bounds of reason have had actual belief in the truth of the defendant's proposition notwithstanding the doubts which the paucity of the evidence must have generated in the case of *Sargent v. Mass. Accident Co.,* 307 Mass. 246, 250; *Marlow v. Dike,* 269 Mass. 38, 40; *Schaefer v. Holmes,* 277 Mass. 468; *Koczur v. Flanagan,* 306 Mass. 121, 123, 124; *O'Connor v. Griff,* 307 Mass. 120, 123; *Tucker v. Pearlstein,* 334 Mass. 33, 35, 36.

Here, there is a "paucity of evidence" referred to in the *Sargent Case,* in that it would have been most helpful to the court to have had the benefit of the testimony of the garageman in respect to the condition of the oil plug at the time the car was towed to the garage and who might have been able to render an opinion as to what could have knocked the oil plug off and caused the damage complained of by the plaintiff. Additional testimony as to the position of the stone in

the road bed and the conditions of the road would have been most helpful.

However, the trial judge had sufficient evidence before him so that he could within the bounds of reason have had actual belief in the plaintiff's proposition despite doubts raised by the paucity of the evidence. This mishap falls within the provisions of the policy.

There being no prejudicial error, the *report is ordered dismissed.*

Solomon Rosenberg and George H. Young, both of New Bedford, for the Plaintiff.

Charles R. Desmarais and William H. Carey, both of New Bedford, for the Defendant.