*Southern District*

## TOWN OF WAREHAM

v.

## WALDO ROBY,
### d/b/a ROBY'S PROPANE GAS
and
### ROBY'S PROPANE GAS, INC.

Argued: Sept. 10, 1971 - Decided: Dec. 15, 1971.

*Present:* Murphy, P.J., Covett, Sullivan, J.J.
Case tried to in the Fourth District Court of Plymouth, No. 15559.

**Murphy, P.J.** This is an action of contract in four counts for personal property taxes claimed by the Town of Wareham to be due for the year 1969 from the defendants. Counts 1 and 2 relate to Waldo N. Roby individually. Counts 3 and 4 relate to Roby's Propane Gas, Inc., one as successor to the business of Waldo N. Roby and the other on an account annexed.

The answer was a general denial and also set up the defense that Roby's Propane Gas, Inc. which had been dissolved, was revived by the Commonwealth and that any tax for the year 1969 on personal property should have been assessed to Roby's Propane Gas, Inc., which was exempt from such tax.

**At the trial there was evidence tending to show that** Roby's Propane Gas, Inc. was organized December 13, 1962 and was dissolved on October 20, 1965 for failing to file reports in accordance with the provisions of G.L.c.156B, §101. From October 20, 1965, the business continued to operate as Mr. Roby alleged that he was unaware that the corporation was dissolved, and, as of January 1, 1969, the business was in operation in the Town of Wareham. The

defendant claims that the business was carried on under its corporate name, although the corporation had been dissolved and that it incurred and paid liabilities and filed Federal and Massachusetts tax returns as a corporation.

The plaintiff's evidence indicated that the defendant, Waldo N. Roby, an inhabitant of the Town of Wareham, was conducting a business in the Town on January 1, 1969. The Town of Wareham, during August 1969, forwarded to Waldo N. Roby, at his residence, corner of Cranberry Highway and County Road, West Wareham, Massachusetts, a personal property tax bill in the sum of $2,505.00, which tax was payable on or before November 1, 1969. The bill, not being paid by January 2, 1970, the tax collector forwarded to Mr. Roby, a written demand for payment.

Mr. Klocker, Tax Collector for the Town of Wareham, testified that the defendant owed the plaintiff a total of $2,720.88 in personal property taxes.

**There was evidence** from all three tax assessors for the Town of Wareham to the effect that, as of January 1, 1969, the defendant, Waldo N. Roby, was, in fact, doing business as Roby's Propane Gas and that there was no corporation in existence as of that date; and that at no time did the defendant apply for an abatement as provided for by the provisions of G.L.c.59, §59, as amended. **There was further evidence that** certain assessors personally trav-

elled to Boston to check the records of the Department of Corporation and Taxation in an attempt to ascertain the actual status of the defendant business; and these records indicated that no corporation known as Roby's Propane Gas was in existence as of January 1, 1969. The official book of the department was exhibited to the court. Certain of the assessors, and in particular one Cleveland, testified that the assessment was against the individual defendant Waldo N. Roby and that he did have a conversation with him concerning the amount of the assessment sometime before the bill was due and payable. He stated that Mr. Roby did not claim that he was exempt from paying the tax for any reason, rather, he was complaining only about the amount of assessment. The tax bill was introduced into evidence.

The defendant admitted receiving the tax bill and that the business was in operation as of January 1, 1969, in the Town of Wareham.

The corporation was dissolved as of November 20, 1965, and it was revived on December 4, 1969. The defendant claims that the act of dissolutionment was the result of an oversight on an accountant's part and that he was actually a *de facto* corporation on January 1, 1969.

The defendant's evidence revealed that, on December 4, 1969, Roby's Propane Gas, Inc. was revived for "all purposes with the same powers, duties and obligations as if it had not been dissolved."

The defendants filed the following requests for rulings:

"1. Roby's Propane Gas, Inc., is exempt from personal property taxes assessed by the Town of Wareham.

2. The Town of Wareham did not, as of January 1, 1969, make a valid assessment of personal property to Waldo N. Roby or Roby's Propane Gas, c/o Waldo N. Roby.

3. Waldo N. Roby, at no time in the year 1969, carried on business in an individual capacity or traded as Roby's Propane Gas.

4. The Town of Wareham has not established ownership in Waldo N. Roby of any personal property, as of January 1, 1969.

5. Roby's Propane Gas, Inc., was not the successor in 1969 of any business operated by Waldo N. Roby, d/b/a Roby's Propane Gas.

6. On all the evidence, the plaintiff is not entitled to recover against Waldo N. Roby.

7. On all the evidence, the plaintiff is not entitled to recover against Roby's Propane Gas, Inc."

The court denied without specifying any reasons, the defendants' requests for rulings numbers 1 through 7, and rendered judgment against both defendants in the sum of $2,505.00 plus interest and costs, on March 2, 1971.

The defendants claim to be aggrieved by the

refusal to rule as requested and by the finding of the court in favor of the plaintiff.

The report does not contain the statement as required by the District Court Rules that, "This report contains all the evidence material to the question reported." This could be fatal and as we have said before it should be included in the report. However, in this case for obvious reasons we prefer to disregard the failure to do so here. *Irving* v. *Bonjorno,* 327 Mass. 516.

The reported evidence is set out in detail and amply justifies the finding for the plaintiff against the defendant Roby individually. The defendant Roby knew the tax was assessed against him personally. He did not object to this assessment itself, but only to its amount; yet, he failed to file an application for an abatement as he had a right to do, or to take any action whatsoever to protect his rights in this regard. G.L.c.59 as amended. This is most significant and wholly justifies the judge's finding against the defendant Roby. Furthermore, the assessors made exhaustive inquiries personally in order to determine who was the proper person to be assessed, even to the point of inquiring of the defendant himself, who did not deny that he was operating the business at that time. A judge's general finding imports a finding of all the subsidiary facts necessary to support it, *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139; *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477; *MacDonald* v. *Adamian,* 294 Mass. 187 and will not

be disturbed if supported by the evidence. *Royle v. Worcester Buick Co.*, 243 Mass. 143; *Standard Oil Co. of New York v. Malaguti*, 269 Mass. 126.

However, the reported evidence does not justify a finding against the defendant Roby's Propane Gas, Inc. There is nothing in the record to justify a finding that when the corporation was revived, it became effective retroactively to January 1, 1969, and thereby subject to assessment. The effective date, according to the report, was December 4, 1969. Furthermore, such a finding would of necessity negate a finding against the individual defendant. In our opinion, the finding against Roby's Propane Gas, Inc. was plainly wrong and constitutes prejudicial error.

With respect to the denial of all of the defendants' requests for rulings, we perceive no prejudicial error, despite the absence of any special findings of fact in this case. Requests numbers 1 through 5 call for findings of fact, and the trial judge is not required to act on requests for findings of fact. *Gibbs v. Swiman*, 310 Mass. 830; *Conley v. Morash*, 307 Mass. 430; *Wrobel v. General Accident Fire & Life Assurance Corp. Limited*, 288 Mass. 206.

The denial of requests numbers 6 and 7 was proper in that they are lacking in the specifications required by Rule 27 District Court Rules, 1965 as amended. *Okin v. Sullivan*, 307 Mass. 227; *Barsky v. Hansen*, 311 Mass. 14.

We perceive no prejudicial error with respect to the finding on Counts 1 and 2 against Waldo N. Roby individually, and as to those counts, an order should be entered dismissing the report.

As to Counts 3 and 4 against Roby's Propane Gas, Inc., the finding for the plaintiff is to be vacated and judgment for the defendant ordered.

HARRY J. SCHMITT, JR.
  for the plaintiff.
EDWARD G. GRIFFIN
  for the defendants.