*Northern District*

Appellate Division No. 8271

## CHELMSFORD COLONIAL REAL ESTATE COMPANY, INC.
### d/b/a
## COLONIAL REAL ESTATE COMPANY
### v.
## GEORGE G. FORREST and ISABELLE M. FORREST

Argued: Nov. 14, 1974. Decided: March 17, 1976.

Case tried to *Williams, J.,* in the District Court of Lowell. Number 2296 of 1971.

Present: Gould, J., Bacigalupo, Flaschner, J.J.

Counsel for Plaintiff: Norman I. Jacobs, Esdaile, Barrett & Esdaile, Boston.

*GOULD, J.* This is an action of contract to recover a real estate broker's commission. The trial court entered an amended finding for the plaintiff in the sum of $1800.00, the amount agreed upon by all parties in the event that the plaintiff was entitled to a finding.

At the conclusion of the evidence the defendant made the following requests for rulings:

1. The evidence is insufficient to warrant a finding for the plaintiff.

2. The evidence warrants a finding for the defendant.

3. The evidence is insufficient to warrant a finding that the plaintiff was ever authorized to negotiate or act as defendant's agent.

4. There was no contract entered into by the parties, therefore the plaintiff cannot recover.

5. The evidence warrants a finding that the defendants do not owe the plaintiff anything.

6. The evidence shows that the customer's offer was *qualified* by a condition, to wit, Special Provision relative to V. A. loan in the agreement, therefore the offer was conditional and the plaintiff cannot recover. See: *Chapin v. Ruby,* 321 Mass. 512 (1947). *Drake v. Sweet,* 325 Mass. 542 (1950).

7. The evidence shows that the premises were not appraised by the V. A. for the agreed purchase price of $36,500.00 and that the driveway had to be repaired by the Seller and that the Seller had to provide a termite certificate, therefore the offer was qualified and the plaintiff cannot recover.

8. Evidence shows that at no time was the plaintiff able to produce a buyer immediately, ready, able and willing to consumate said sale. Therefore the plaintiff cannot recover.

9. The evidence does not prove that the plaintiff's customer was able, ready and willing to purchase at the time the sale was to take place inasmuch as that time has not yet arrived.

10. A broker employed by the owner of real estate to produce a purchaser thereof and promised as his commission any excess of the "amount . . . . obtained" for the property over a certain price is not entitled to a commission where he procured a customer ready, able and willing to pay more than the specified price but the owner refused to

sell to the customer. *Staula v. Carrol,* 312 Mass. 693 (1942). *Rich v. Mezzetti,* 323 Mass. 669 (1949).

11. If the owner of certain real estate authorized a broker to sell it for a stated sum, agreeing that "all over" that amount the "broker was to get", nothing becomes due to the broker until a sale has been *completed.*

The court filed the following "Findings and Rulings":

The court ruled on the defendants' requests for rulings as follows:

**1, 2, 3, 4, 5, 6, 8, and 9,** as a matter of fact on all the credible evidence the court does not so find.

**6 and 7.** Court finds as matter of fact that the V. A. conditions were satisfied and any delay therein was due to the deliberate refusal of the defendant to permit things to be done within the time called for within Purchase and Sales Agreement.

On the request: the ruling the same as #1 above.

**10 and 11.** Allowed, but not applicable to instant case.

The court filed no separate memorandum on these requests and the defendants claim to be aggrieved by the denial of their requests for rulings numbers one through nine inclusive.

We find no error. The basis of the defendants-appellants contentions would appear to be founded on the issues which were raised in *Stella v. Curtis,* 348 Mass. 458. (1965).

In an action of law a justice is not required to pass upon requests of findings for fact and that his denial of them or failure to pass upon them presents

no question of law. *Larson v. Jeffrey-Nichols Motor Co.,* 279 Mass. 362, 368 (1932). *Wrobel v. General Acc. F. & L. Assur. Corp. Ltd.,* 288 Mass. 206, 209 (1934). *Conley v. Morash,* 307 Mass. 430, 432 (1940). *Perry v. Hanover,* 314 Mass. 167, 170 (1943).

 The duty of the justice is to pass upon relevant requests for rulings of law in such a way as to make plain that he has not fallen into error and to decide the case. *Home Savings Bank v. Savransky,* 307 Mass. 601, 603 (1940).

 A request predicated upon sufficiency of the evidence to "warrant" a finding which is decisive of an issue in the case, is a "proper", "pertinent" or "relevant" request for a ruling of law and not a request for a finding of fact and must be passed upon by the justice. The denial of such a request, or failure to act upon it, which is treated as a denial, raises a question of law. *Bresnick v. Heath,* 292 Mass. 293 (1935). *Hurley v. Ornsteen,* 311 Mass. 477, 480 (1942). *A. Digesse v. Columbia Pontiac Co., Inc.,* 1975 Mass. Advance Sheets 3281.

It does not follow, however, that every request predicated upon the sufficiency of the evidence to warrant a particular finding or conclusion becomes thereby a "proper", "relevant" or "pertinent" request for a ruling of law which requires action by the justice. In order to pose a request requiring a judicial answer it must relate to a fact or to a factual aspect of the case that is dispositive or decisive of an issue in the case.

The mere incorporation within a request of the words "a finding is warranted" does not require a justice to deal with indecisive portions of the evidence. If such a request is accurate in law, it permits, but does not require, the justice to grant it. The extent to which a justice shall deal with the evi-

dence or the subsidiary facts is generally within his discretion. *Barnes v. Berkshire St. Ry.,* 281 Mass. 47, 51 (1932).

■ Applying the principles expressed in *Stella v. Curtis* to the case at issue, even though no memorandum of findings was filed, the trial justice did in fact include in his action on the rulings sufficient statements to indicate that as to request number one through five and numbers eight and nine, he found as a factual conclusion on all the credible evidence that the requests made for findings ought not to be allowed.

■ Requests number six and seven were predicated on fragmented evidence as distinguished from a ruling on the entire evidence. Requests which represent an effort to get a ruling on subsidiary facts or fragments of evidence, which are not decisive on any general or special issue in the case, ought not to be tolerated as requests for instructions to jury, and they have no better standing as requests for rulings in a trial without a jury. *Stella v. Curtis,* 348 Mass. 458, 463 (1965).

■ The findings of the trial justice clearly indicated the findings of fact which he made and there being no error the findings must stand. No prejudicial error found. **Report dismissed.**

---

\* Judge Franklin N. Flaschner participated in the hearing of the arguments on the report but deceased prior to the issuance of the opinion.