**Robert BLAKESLEE**
Plaintiff
v.
**Lena GUARDIONE and**
**Anthony GUARDIONE**
Defendants
No. 299

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**May 21, 1981**

**Murray Shulman,** counsel for plaintiff
**Alan R. Goodman,** counsel for defend-
ants

### DECISION AND ORDER

This cause came on to and was heard in
the Appellate Division for the Western
District sitting at Springfield upon Report
from the PALMER DIVISION and there
being no error in the denial of the
requested rulings, the report is hereby
dismissed.

It is hereby ORDERED: That the Clerk
of the Palmer DIVISION make the
following entry in said case on the docket
of said Court, namely: "Report
dismissed."

Mel L. Greenberg, Justice
Allan McGuane, Justice
Bernard Lenhoff, Justice

### OPINION

**GREENBERG, J.** This is an action in
contract and tort sounding in deceit, in
which the plaintiff seeks to recover
damages and lost profits arising out of an
agreement to rent real and personal
property owned by the defendants.
Plaintiff's complaint contained twelve
counts, six against each defendant. Three
counts against each arose out of a July 18,
1977 episode, wherein the plaintiff alleges
he was fraudulently induced into making
improvements to property of the
defendant preparatory to the opening of a
grocery business at 161-165 Hancock
Street, Springfield, Massachusetts. The
remaining counts against each are based
upon a written instrument dated
November 16, 1977, wherein the plaintiff
agrees to buy the premises on May 1, 1978
and the defendant agrees to sell and give
title free of existing encumbrances.

The defendant's answers contained a
general denial and a counterclaim
including counts for lost profits due to the
plaintiff's alleged breach of the agreement
to purchase the realty; for reasonable
rental value of the premises; for damages
to the premises due to waste; and for
conversion of equipment or personal
property. Plaintiff generally denied the
counterclaim.

The trial judge found for the plaintiff
without specifying on which counts in the
sum of Three Thousand Five Hundred
Thirteen Dollars ($3,513.00) with interest
and costs. On defendants' counterclaim
the trial judge found for the plaintiff on
all counts, from which the defendants
appeal.

We summarize the evidence as follows:
Anthony and Lena Guardione sold a
small neighborhood grocery business to
Mary and George Guarandino in 1961,
retaining the real estate in which it was
operated. The Guarandinos agreed to rent
the property for $125.00 per month. In
1973 Mary Guarandino rented the store to
persons who operated it under the name
of Chabazz Superette. Guarandino ceased
paying the original $125.00 rental to the
Guardiones and was in default for an
unspecified period of time. In June of
1977, when the sub-tenants ceased paying
rent to Mary Guarandino, Lena
Guardione, one of the defendants and
present owner of the premises, received
the keys to the store.

In July of 1977 the plaintiff, Blakeslee,
contacted the defendant owner and
indicated his desire to rent the store and
its equipment for $200.00 per month, to
commence forthwith. The plaintiff
stocked inventory, cleaned, did repairs
and trained personnel to operate a Dairy
Mart Store at the location until the latter
part of July, 1977, when two unidentified

persons came into the store and indicated they had acquired the right to rent the store and its equipment.

The plaintiff met with the defendant and her attorney, who subsequently commenced an action in the District Court against the sub-tenants for past rent and storage charges. The plaintiff, however, did not continue the operation and vacated the premises. Plaintiff testified that he incurred $3,231.70 in expenses for repairs and improvements until July 25, 1977.

The next time the parties communicated was when the defendant left a note and other pertinent documentation from her attorney at a store operated by the plaintiff elsewhere in Springfield. These papers indicated that the suit against the sub-tenants had resulted in a default judgment.

In mid-November, 1977 the plaintiff, now interested in purchasing the property, contacted the defendant, Lena Guardione and an agreement, dated November 16, 1977 was executed, under the terms of which a deed was to be delivered on or about May 1, 1978 for a purchase price of $17,000.00. Certain credits, representing the July, 1977 rental, were given to the plaintiff and the balance of the purchase price was to be paid in installments over four years.

Defendants' default judgment against the prior tenants went to execution and a sheriff's sale was planned for January 23, 1978 on the equipment located in the 165 Hancock Street premises.

The plaintiff was notified in December by defendants' attorney of the sale. On January 23, 1978 both parties were present when the plaintiff indicated that he was no longer interested in performance of the purchase and sales agreement. During the following three months the defendant contacted the plaintiff requesting a surrender of the keys. On the evening of March 23, 1978 the plaintiff indicated that an imminent decision on his part would be made concerning performance of the agreement. Shortly thereafter plaintiff commenced the present action, but did not complete surrender of the keys until April 19, 1978.

At the close of testimony and before argument, the defendants filed thirty-seven requests for rulings, all of which were allowed, with the exception of the following numbered requests:

26. Even if sellers breached their agreement, the buyer (plaintiff) was not entitled to bring his suit before the time for performance had expired. Daniels v. Newton, 114 Mass. 530 (1874) (DENIED)

27. Buyer breached his agreement to purchase real property by bringing suit before the closing. (DENIED)

32. As a matter of law, the plaintiff cannot recover under Counts I - XII. (DENIED)

33. The written agreement dated November 16, 1977 was wrongfully repudiated by plaintiff on the date of the public auction, January 23, 1978 for which breach defendants are entitled to damage. (DENIED)

In respect to these denials, the court made no written findings of fact. The defendants claim to be aggrieved by the court's failure to make findings of fact pursuant to Dist./Mun. Cts. R. Civ. P. 52. Secondly, defendants contend that plaintiff's action was prematurely brought, since the time for defendants' performance had not expired. We deal with these requests in the order of their relevance.

Defendants' first contention, that the court erred by not making special findings of fact is governed by Dist./Mun. Cts. R. Civ. P. 52, providing in part, that "in all actions tried upon facts without a jury, the court **may** (emphasis added) find the facts specially and state separately its conclusions of law thereon." Such language is discretionary and does not require findings of fact. In **Chelmsford Colonial Real Estate Company, Inc., d/b/a Colonial Real Estate Company** v.

**George Forrest, et al,** 58 Mass. App. Dec. 35 (1976), we held the duty of the justice is to pass upon relevant requests for rulings of law in such a way as to make plain that he has not fallen into error and to decide the case. (See also, **Home Savings Bank** v. **Savransky,** 307 Mass. 601, 603 (1940). Applying these principles to the case at issue, even though no memorandum of findings was filed, the trial justice, by his denials, made plain as a matter of law, his disagreement with defendants' principal contention that the plaintiff was not entitled to bring his action prior to the time for performance set forth in the agreement. This conclusion, as a matter of law, is the linchpin upon which the trial judge fastened his denials.

The issue sought to be raised by the remaining rulings requested by the defendants, is whether the plaintiff was in breach of the purchase and sales agreement prior to the date of performance by initiating his suit in March of 1978. Clearly, from the pleadings it is apparent that the plaintiff sought to repudiate his obligations under the sales agreement based on allegations that the defendants improperly represented their ownership of the personal property located within the store, in order to induce the plaintiff into the purchase agreement. Defendant's requested ruling #33 was denied, indicating that the plaintiff lawfully repudiated prior to the date of performance by reason of the lack of marketable title to the equipment subject to the sales agreement. Therefore, we cannot speculate or assume contrary facts to exist. **Armata** v. **McDonald, et al,** 56 Mass. App. Dec. 34 (1975).

Defendants further contend that even if they breached their agreement to sell the property, plaintiff was not entitled to bring this action before the time for performance had expired. Plaintiff argues that defendants did not have clear title to the real and personal property they had agreed to sell under the November, 1977 agreement; therefore, the defendants are in breach and that he could bring suit prior to the performance date.

The doctrine of anticipatory breach has not been adopted in Massachusetts. **Daniels** v. **Newton,** 114 Mass. 530 (1874). As explained in **Gillis** v. **Bonelli-Adams Co.,** 284 Mass. 176 (1933),[1] the question becomes one of whether the title is so defective as to justify the purchaser in concluding that the defect is not likely to be cured. An affirmative answer would allow suit to be brought before the time for performance has expired.

In the instant case the defect in title arose out of the previous sale and rental by the defendants to the Guarandinos. Once defendants became aware of the defect, they brought suit against the Guarandinos. A default judgment was entered in this suit for the defendants, reduced to execution, and a levy made on the execution. A sale was subsequently held by the sheriff. It was at this time, before the defect in title had been removed, that plaintiff withdrew from his agreement with the defendants and subsequently initiated suit. Since the defect in title had not been removed, defendants were in breach and the repudiation could be maintained by the plaintiff. The judgment of $3,513.00 could not, therefore, be based on the counts of plaintiff's complaint, which were related to the November, 1977 purchase and sales agreement.

The court, however, did not state upon which of plaintiff's counts the judgment was based. Six of the counts were based on the breach of the July, 1977 rental agreement. The general rule is that where no findings of fact are made, the decision imports a finding of every fact necessary to sustain it. Matter of **Loeb,** 315 Mass. 191 (1943). The judgment of the court

---

[1] The case favorably cites 6 **Williston on Contracts** (3rd Edition) Sec. 879 for the same proposition.

must, therefore, be assumed to be based on the counts related to the rental agreement, since it could not be properly based on the counts related to the purchase and sales agreement. A judgment based on a breach of the July, 1977 rental agreement was not an issue raised by the report and, therefore, cannot be raised on appeal.

No prejudicial error having been found, the report is dismissed.