Dohoney, J.
This action involves a claim for breach of contract and violations of General Laws, Chapter 93A. It centers around the purchase of used automobile by the plaintiff from the defendant and this issue as to whether the vehicle was a six-cylinder or an eight-cylinder vehicle.
From the Report we learn that the parties entered into an agreement for the sale of the vehicle. The contract indicates the' vehicle to be á six-cylinder vehicle. In fact,- the vehicle is an eight-cylinder vehicle. There is nothing in the Report to indicate the plaintiff manifested a preference for a six-cylinder vehicle. There is evidence in the Report that the plaintiff did not make his preference known and that the defendant neither knew or should have known about the preference. After the sale, the plaintiff drove the vehicle approximately 15,000 miles. He thereafter returned to the defendant to request relief. Satisfactory relief was not offered, and the plaintiff sent a demand letter to the defendant. The defendant made no response. There was evidence tending to show that a six-cylinder vehicle of similar size would not yield significantly better gas mileage than an eight-cylinder vehicle and that the plaintiff suffered no damages as a result of the error.
The Trial Justice made no findings of fact and denied Requests for Rulings of Law to the effect that actions of the defendant were actionable misrepresentations or unfair or deceptive acts or practices under General Laws, C.hapter 93A. The plaintiff claimed a Report.
The first issue is whether the Trial Justice is obligated to make findings of fact. A District Court Justice is not so required. See Blakeslee v. Guardione, 1981 Mass. App. Div. 104; NOLAN, CIVIL PRACTICE, Mass. Practice Series, Vol. 9, Sec. 728.
The second issue is whether the action of the Trial Justice in denying the Requests for Rulings of Law was appropriate.
With respect to Request No. 1 as to whether the actions of the defendant constitute misrepresentation, the plaintiff has the burden of showing that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon and the plaintiff relied on the representation as true and acted on it to his damage. Barrett Assoc. Inc. v. Aronson, 346 Mass. 150 (1963); NOLAN, TORT LAW, Mass. Practice Series, Vol. 37, Section 111. There appears to be ample basis in the evidence contained in the Report for the finding of the Trial Justice. *20 Particular emphasis should be placed on the requirement of a material fact and reliance. Here there is ample evidence that the distinction between six and eight cylinders was not of concern to the plaintiff. He had originally attempted to buy an eight cylinder vehicle and purchased an eight cylinder vehicle after the vehicle in question. Additionally, he drove the vehicle for 15,000 miles without complaint. Thus the Trial Justice could have concluded that at the time of the sale the size of the engine was not a material fact and that the plaintiff did not rely on the contract stating the vehicle was a six-cylinder. Emphasis should also be placed on the requirement of damage. Damage is an element that must be proven. Deceit is not that type of tort where nominal damages are awarded. See Atlantic Aluminium & Metal Distributors, Inc. v. Standard Paint & Wall Paper Co., Inc., 347 Mass. 415 (1964). Here there was no evidence of a different value between a six-cylinder and an eight-cylinder car and there was evidence that there would not be significantly greater gas mileage.
With respect to Request No. 2 as to whether the actions of the defendant constitute unfair or deceptive acts or practices under General Laws, Chapter 93A, three matters require discussion.
First, of course, if the defendant represented by the contract that the vehicle was a six cylinder while knowing of the plaintiffs preference and whileknowing the actual facts, there is a clear violation as a misrepresentation. See Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760 (1986). Secondly, failure to disclose any fact which might have influenced a person not to enter the transaction is an unfair or deceptive act or practice. See Grossman v. Waltham Chemical Co., 14 Mass. App. Ct. 932 (1982); 940 CMR 3.16(2). Thirdly, 940 CMR 5.04(9) provides'that it is an unfair or deceptive act or practice to fail to “refund the full amount of a purchaser’s deposit promptly when:... (d)- The dealer fails to deliver a motor vehicle to the purchaser which conforms to the terms of the contract.”
With respect to common law misrepresentation as a foundation of an unfair or deceptive act or practice, we have seen that there was ample basis for the Trial Justice to conclude that the plaintiff has failed to show all the necessary elements. With respect to the failure to disclose, there is also ample evidence from which the Trial Justice could conclude that the difference in cylinders was not a fact which might have influenced the plaintiff. We emphasize at this juncture that it is not our function to substitute our judgment for that of the Trial Justice but simple to review the record to determine if there is basis for his finding. See Weir River Plumbing and Heating Supply, Inc. v. Harder, 1987 Mass. App. Div. 105. With respect to 940 CMR 5.04(9) which .requires a refund of the deposit if the vehicle does not conform, the regulation appears to speak to the time of delivery. The regulation only speaks of a refund of deposit. Thus the regulation is only concerned with the situation where a buyer signs a contract, makes a deposit, and discovers a variance upon attempted delivery. He could then request his deposit back. It does not address the situation where delivery is completed and the buyer discovers a non-conformity after 15,000 miles.
All other Requests for Rulings of Law assume a violation of General Laws, Chapter 93A. The Trial Justice have found none and his finding having support in the evidence, they are rendered immaterial.
The Report is Dismissed.