Dohoney, J.
The plaintiffs sued the defendant to recover damages for personal injuries to the plaintiff Raymond St Laurent and for loss of consortium to the plaintiff Nancy St Laurentasaresultofamotorvehicleaccidentwiththedefendant’sdecedent Matthew Orzulak.
From the Report, we learn that the plaintiff Raymond St Laurent was involved in a motor vehicle accident with Matthew Orzulak on October26,1984. After the accident Raymond St Laurentwent to work. He left work to seek treatmentfor head and neck pain. He developed back pain the day after the accident. He began treating with a chiropractor on December 5,1984 and was released from care on January 24,1985. The plaintiffs submitted no bills from the chiropractor. The total evidence of medical treatment from October 26,1984, to January 26,1985, was $151.80.
On January 26,1985, the plaintiff Raymond St. Laurent was involved in a more serious accident. He immediately felt back pain after the accident. He again treated with the chiropractor. The evidence of medical treatment after January 26,1985 was approximately $1,750.00.
The Trial Justice found for the plaintiff Raymond SL Laurent in the amount of *73 $39,000.00 and for the plaintiff Nancy St. Laurent for loss of consortium in the amount of $12,000.00.
The defendant claims five errors.
I. The first clámed error is the failure of the Trial Justice to find that the plaintiffs failed to meet the tort threshold of General Laws, Chapter 231, Section 6D. The defendant filed a Request for Ruling as follows:
The evidence warrants a finding that the Plaintiff Raymond St Laurent did not meet the tort threshold set forth in Massachusetts General Laws Chapter 231, Section 6D arising out of the October 26,1984 accident.
The Trial Justice acted on the Request by stating:
Allowed, but Court did not so find.
The Trial Justice made the following finding in response to another Request for Ruling of Law:
Substantial injuries were sustained by the Plaintiff as a result of the accident. Some injuries were aggravated by the January accident
Clearly, the plaintiff must prove that the reasonable and necessary expenses for treatment exceeded $500.00. See General Laws, Chapter 231, Section 6D as in effect on October 26, 1984. Here, the Report discloses that substantially less than this amount was incurred prior to the second accident but that Raymond St. Lament incurred about $1,900.00 in total medical expenses. The defendant suggests that all expenses incurred after the second accident are related to the second accident. The action of the Trial Justice on Request for Ruling No. 3 indicates that this would be a permissible conclusion but that he “did not so find.” Theonly other finding bytheTrial Justice with respect to this issue is that “substantial injuries” were caused by the accident Thus, we lack any specific finding that the injuries caused by the first accident exceeded the minimum threshold.
Generally,aTrialJustice is notobligatedtofindanyfacts. See Lanciani v. Donahue-Smalley Chevrolet, Inc., 1988 Mass. App. Div. 19. However, when aTrialJustice acts on a Request for a Ruling of Law on the basis of facts found by him, he should make the necessary findings of fact. See Dist./Mun. Cts. R. Civ. P., Rule 64(b) to the effect that a judge must make findings of fact where a request for ruling is refused as being inconsistentwiththefactsfound. Also see D.P. Koshivas Construction Co. Inc. v. Finn, 56 Mass. App. Dec. 99 (1975); Ramus v. Town Taxi, Inc., 57 Mass. App. Dec. 137 (1976). This is particularly true in this case where there is grave factual doubt the plaintiff incurred reasonable and necessary medical expense in excess of $500.00 as a result of the first accident The only expert medical evidence as to causation is inconclusive as to the attribution of the symptoms to the respective accidents. The defendant has properly framed the legal issue, and the Trial Justice recognized its correctness. The defendant is therefore entitled to factual findings which would render the request inapplicable. Thus, the Trial Justice should find specifically that the reasonable and necessary medical expenses attributable to the first accident exceeded $500.00 or find for the defendant
Consequently, the matter should be remanded to the Trial Justice for further findings and/or testimony as he deems appropriate.
II. The second claimed error relates to whether the findings are disproportionate to the damages. The defendant cites Farland v. Young, 1989 Mass. App. Div. 76 for the proposition that the damages are disproportionate. However, that case appears to omit certain language which misled the defendant The case states:
While we need not reach the second issue on appeal, we hold that damages awarded were disproportionate to the injuries proven. From the report, the trial judge took extensive evidence on the damages suffered by the plaintiffs and was well within proper boundaries in that the damages *74 awarded were not excessive or an abuse of discretion especially in view of the facts that both plaintiffs suffered permanent disabilities.
It appears that a fair reading of this quotation indicates that a negative was omitted from the first sentence and that the court actually refused to conclude that the damages were disproportionate.
Whatever authority there may be for us to reverse on the basis that the damages are disproportionate, this authority should be exercised sparingly. See Freeman v. Marchi, 30 Mass. App. Dec. 114 (1965). This is especially true in a personal injury case where the Trial Justice has had an opportunity to view and hear the witnesses. A Report cannot communicate the true measure of damages. Thus, we decline to take any action based upon the claim of disproportionate damages.
III. & IV. The third and fourth claims of error relate to causation and the denial of Requests for Rulings that state that
Any negligence which may be found on the Defendant... is not the proximate cause of the damages ... incurred after the January 26, 1985 accident....
The Trial Justice denied each of these requests.
Clearly, the plaintiff has the burden of showing that the negligence of the defendant is the cause of the damage. Once again, this is a question of fact, and these requests are in essence requests for findings of fact A trial justice does not have to act on requests for findings of fact and the denial was thus proper.
V. The last claim of error relates to the exclusion from evidence of certain medical records allegedly contained in the file of the insurance company of the second accident. The defendant asserts that the Trial Justice refused to admit the records and claimed a report The Report includes a transcript of the lengthy colloquy. However, portions of the tape have apparently been lost. From the transcript provided, the clear indication is that the Trial Justice was prepared to admit the records, but they could not be located by the witness. To the extentthatthe Report does not contain the entire colloquy, the defendant has failed to follow Dist./Mun. Cts. R. Civ. P., Rule 64(a) which requires the request to
be reduced to writing and filed with the clerk... The written request for report shall clearly identify the question, answer (or offer of proof), or physical evidence and the related ruling which was the subject of the objection.
This procedure substantially predates the recording system of the District Court Thus, any failure of the recording system does not justify a failure to comply with the Rule.
Accordingly, the issue is not properly before us.
The case is remanded to the Trial Justice for further findings in accordance with this opinion.